■ CONCETTO SPUCHES et al., Appellants, v. ROYAL VIEW, INC., Respondent.— In an action for specific performance of a contract by defendant to sell a parcel of land to plaintiffs and to erect a house thereon, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered June 20, 1960, upon the decision of the court after a nonjury trial, which: (a) confines their recovery to the sum of $1,795, consisting of their $1,500 down payment, an allowance of $200 for their attorney's fee, and $95 costs; and (b) fails to grant them specific performance. Judgment modified on the facts as follows: (1) by striking out the first and second decretal paragraphs which direct recovery of said sum of $1,795 by plaintiffs from defendant and which direct plaintiffs, upon the payment of said sum, to surrender to defendant the latter's $1,500 refund check now in plaintiffs' possession; (2) by substituting a paragraph decreeing that plaintiffs shall recover from defendant the sum of $1,850, plus $95 costs as taxed, making a total of $1,945; and (3) by substituting another paragraph directing that upon payment of said sum of $1,945 to plaintiffs by defendant, the plaintiffs shall surrender to defendant the latter's $1,500 refund check now in plaintiffs' possession. As so modified, the judgment is affirmed, with costs to plaintiffs. Findings of fact which may be inconsistent herewith are reversed and new findings are made as indicated herein. A provision in the contract of September 20, 1958, for the benefit of the purchasers, rendered the contract void if the purchasers were not approved for a mortgage. The defendant undertook to get a commitment from a specific bank. Despite the outstanding contract and its unquestioned validity, the defendant deliberately

made another deal with a different person for the purchase of the same house and lot, but for a higher price, by execution of a binder on December 21, 1958 and by execution of a formal contract on January 4, 1959. Thereafter, by letter dated January 7, 1959, the defendant then informed plaintiffs that the contract between them was void because of denial by the bank of an application for the mortgage. The bank had not then denied the application; in fact, it did not receive the application for the mortgage from defendant until January 15, 1959. But even if the bank had denied the application, plaintiffs themselves were entitled to apply for a mortgage or to raise the money in any other way, provided only that defendant was paid on the closing day, June 30, 1959. Despite plaintiffs' protests that the bank had not declined, and despite plaintiffs' warning that they would protect their contractual rights, defendant went ahead with the construction of the dwelling and its sale to the subsequent purchaser. Before completion of the dwelling and in May, 1959, plaintiffs filed their *lis pendens*, of which defendant had actual knowledge. This action was commenced on July 10, 1959. The doctrine of laches is inapplicable. There was no unreasonable delay by plaintiffs in the commencement of this action. Nor did defendant suffer any injury or prejudice by reason of any delay on the part of the plaintiffs in commencing this action, if it be borne in mind that the action was prompted by defendant's cynical disregard of plaintiffs' contractual rights, its flagrant breach of the contract between them and its false pretext for its attempted premature cancellation of such contract. We are, nevertheless, constrained to acquiesce in the trial court's failure to grant specific performance to plaintiffs. We are constrained to do so because of the absence of a judgment against the subsequent purchaser canceling the defendant's conveyance to him (*Saperstein* v. *Mechanics & Farmers Sav. Bank,* 228 N. Y. 257; *Holden* v. *Efficient Craftsman Corp.,* 234 N. Y. 437, 440; *Turi* v. *Marotta,* 281 App. Div. 804; *Sun Assets Corp.* v. *English Evangelical Lutheran Church,* 19 Misc 2d 187, 193, affd. 10 A D 2d 716). Inasmuch as plaintiffs concede that they are unable to prove damages, no relief may be afforded to them beyond ordering restitution for the down payment, directing payment in full for the undisputed reasonable value ($350) of the legal services rendered by plaintiffs' attorney, and awarding to plaintiffs the costs of the action and costs of the appeal. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur. [23 Misc 2d 878.]