■ PAUL STAWSKI et al., Appellants, v JOSEPH EPSTEIN, Respondent.— In an action to compel specific performance of a contract for the sale of certain residential premises, plaintiffs appeal from a judgment of the Supreme Court, Queens County, dated June 22, 1978, which, after a nonjury

trial, dismissed their complaint. Judgment reversed, on the law and the facts, without costs or disbursements, judgment granted in favor of plaintiffs, and action remitted to Trial Term for entry of an appropriate judgment in accordance herewith. Defendant contracted to sell his house to plaintiffs. Before the closing date arrived, defendant changed his mind and so informed plaintiffs. The present action was then instituted. Actual tender of performance by plaintiffs was not necessary since defendant had, in effect, repudiated the contract (see *Baumann v Pinckney,* 118 NY 604; see, also, 55 NY Jur, Specific Performance, § 29). Under these circumstances, in order to obtain the relief of specific performance, plaintiffs had to show a readiness and ability to perform their obligation under the contract (see *Spuches v Royal View,* 23 Misc 2d 878, mod on other grounds 13 AD2d 523, amd 13 AD2d 815). Trial Term acknowledged plaintiffs' readiness to perform, but found them lacking the financial ability to make the final payment. In this regard, Trial Term erred; it looked only to plaintiffs' actual cash in hand and ignored all other assets. The record makes clear that plaintiffs were possessed of sufficient assets (savings and checking accounts, mutual funds, a house, and the potential of obtaining a mortgage on the house in question) to make whatever payments were necessary. Accordingly, plaintiffs are entitled to specific performance of the contract. Mollen, P. J., O'Connor, Rabin and Gulotta, JJ., concur.