■ Zoltan Glauber et al., Respondents, v P. S. F. B. Associates, Appellant. — In an action, *inter alia,* for the specific performance of a contract to sell real property, defendant appeals from a judgment of the Supreme Court, Rockland County (Marbach, J.), dated October 8, 1981, which, after a nonjury trial, *inter alia,* directed defendant to sell the property to plaintiff. Judgment

affirmed, without costs or disbursements. The trial court's findings that the parties still considered their contract to be viable and that plaintiffs remained ready, willing and able to perform were amply supported by the evidence and should not be disturbed (see, e.g., *Janowitz Bros. Venture v 25-30 120th St. Queens Corp.,* 75 AD2d 203, 210). Where a vendor acts unilaterally to cancel a contract, as defendant here did by its letter of January 2, 1980, the vendee is not required to tender his own performance by demanding a law day before he may commence an action for specific performance; the law does not require futile gestures (see *Stawski v Epstein,* 67 AD2d 681, 682; *Lo Biondo v D'Auria,* 45 AD2d 735, 737; *Baumann v Pinckney,* 118 NY 604, 616; see, also, *Cohen v Kranz,* 12 NY2d 242, 246). Specific performance was properly awarded as the defect in defendant's title had been cured by the time of trial (see *S.E.S. Importers v Pappalardo,* 53 NY2d 455, 458-459; cf. *Shepard v Spring Hollow at Sagaponack,* 87 AD2d 126). We have considered the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Gulotta, Brown and Niehoff, JJ., concur.