■ HUNTINGTON MINING HOLDINGS, INC., Formerly Known as HUNTINGTON MINING & REALTY WORLD, LTD., Respondent, v COTTONTAIL PLAZA, INC., Appellant. — In an action, *inter alia,* for specific performance of a contract to sell real property, defendant appeals from a judgment of the Supreme Court, Suffolk County (Geiler, J.), entered December 30, 1982, which, upon a stipulation of facts and submission of deposition testimony, granted specific performance to the plaintiff. Judgment reversed, on the law and the facts, with costs and complaint dismissed. Defendant acted unilaterally in canceling the subject contract, and plaintiff was thereby excused from its duty to tender its own performance (see *Glauber v P. S. F. B. Assoc.,* 89 AD2d 576; *Stawski v Epstein,* 67 AD2d 681). However, plaintiff bore the burden of showing that it was ready, willing, and able to perform its own obligations under the contract in order to obtain the relief of specific performance (*Stawski v Epstein, supra; Friederang v Aldo Co.,* 199 App Div 127, 129; *Spuches v Royal View,* 23 Misc 2d 878, revd on other grounds 13 AD2d 815). Plaintiff's president testified at his deposition that during the year in question the plaintiff corporation never had more than $65 in its bank account. He further testified that plaintiff expected to obtain

financing of the $4,300,000 purchase price from one Sam Albicocco. However, Albicocco testified that he was never approached by plaintiff for financing of the transaction until approximately 11 months after the law day. Plaintiff failed to produce any written commitments for financing from a financial institution or other evidence to show that it could have tendered the purchase price on the law day. Since plaintiff failed to prove that it was financially able to purchase the subject property, Special Term erred in granting it the relief of specific performance. Mangano, J. P., O'Connor, Bracken and Niehoff, JJ., concur.