■ Louis J. PETRIZZO et al., Appellants-Respondents, v STEVEN G. PINKS et al., Respondents-Appellants.—In an action for the recovery of the down payment on a real estate contract of sale, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered April 11, 1988, as denied their cross motion for summary judgment, and the defendants cross-appeal from so much of the same order as denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (1).

Ordered that the order is modified, on the law, by deleting the provision thereof denying the plaintiffs' cross motion for summary judgment and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment in accordance herewith.

The contract of sale contained no clause making time of the essence. Nor did the defendants, by their attorneys' letter of August 5, 1987, make time of the essence *(see, Ballen v Potter,* 251 NY 224, 228; *O'Connell v Clear Holding Co.,* 126 AD2d 530; *Tarlo v Robinson,* 118 AD2d 561, 565). Thus, neither the plaintiffs' failure to appear at the closing on August 31, 1987 nor the defendants' apparent failure to produce a signed certificate of occupancy at that time constituted a breach of the contract. Each party should have been afforded a reasonable time by the other party in which to perform and close title *(see, Grace v Nappa,* 46 NY2d 560, 565). However, the defendants' attorneys' letter to the plaintiffs dated September 10, 1987, declaring that the defendants deemed the contract

canceled, constituted a breach of the contract and excused the plaintiffs from any duty of performance (see, *Huntington Min. Holdings v Cottontail Plaza*, 96 AD2d 526; *Glauber v P.S.F.B. Assocs.*, 89 AD2d 576, 577; *Stawski v Epstein*, 67 AD2d 681; *L.I.C. Commercial Corp. v Zirinsky*, 142 AD2d 713, 715). The plaintiffs are thus entitled to summary judgment for the return of their down payment (see, *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067; CPLR 3212). Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.