■ SUNRISE ASSOCIATES, Appellant, v PILOT REALTY Co., Respondent.—Order, Supreme Court, New York County (William J. Davis, J.), entered September 25, 1989, which, *inter alia,* granted defendant's motion to dismiss the amended complaint and for summary judgment on its first counterclaim, unanimously modified, on the law, to the extent of denying those parts of defendant's motion and reinstating the complaint, and otherwise affirmed, without costs. Appeal from the order

of the same court entered September 7, 1989, which granted plaintiff's motion for reargument but, upon reargument, adhered to its decision of June 16, 1989, is dismissed as superceded by the appeal from the order of September 25, 1989, without costs.

In this action, seeking the return of a $400,000 down payment for the purchase of a warehouse and parking lot in the Bronx and an additional $150,000 paid to defendant seller to adjourn the original closing date or, in the alternative, specific performance or damages for breach of contract, in which defendant counterclaims for $150,000 allegedly due as a condition for a second adjournment of the closing, the amended complaint should not have been dismissed and summary judgment should not have been granted on defendant's first counterclaim.

Accepting plaintiff purchaser's allegations as true, as the court must on a motion pursuant to CPLR 3211 (a) (7), it appears that plaintiff has pleaded a valid cause of action for return of its down payment. While it is well established that, in order to be entitled to specific performance of a contract, a purchaser must demonstrate that it was ready, willing and able to perform its obligations regardless of the seller's anticipatory breach, such is not the case where the purchaser seeks return of its down payment for such breach, in this case the allegedly deteriorated condition of the premises caused by defendant's neglect subsequent to the execution of the contract and defendant's failure to remove the racks and conveyor system. (See, Zev v Merman, 134 AD2d 555, 558-559, affd 73 NY2d 781.) Moreover, such defect in pleading was cured by plaintiff's affidavit stating that it had obtained $10.6 million in financing (Rovello v Orofino Realty Co., 40 NY2d 633), which allegation also validated the second and third causes seeking specific performance. The fourth cause of action seeking damages for breach of contract, while admittedly less than artfully pleaded, nevertheless sufficiently states a claim for loss of bargain damages based upon seller's alleged bad-faith breach of contract (Coppola v Fredstrom, 45 AD2d 857). Finally, with the issue of whether defendant was in default and obliged to return the down payment and first adjournment fee left unresolved, summary judgment on defendant's counterclaim for the second adjournment fee cannot be sustained in light of defendant's letter of December 2, 1987, which, while not a complete waiver of such fee, establishes that the fee was due only at closing. Such issue is inextricably intertwined with

plaintiff's first cause of action, which is for a larger amount, and summary judgment should have been denied *(Seneca Trucking Co. v Overmeyer Co.,* 36 AD2d 894). Nor should such relief be granted on default in light of plaintiff's potential defenses, since plaintiff's failure to serve a reply to the counterclaim apparently resulted from several changes of counsel. Concur—Kupferman, J. P., Sullivan, Ross, Ellerin and Rubin, JJ.