■ CARMINE GARGANO et al., Respondents-Appellants, v ISIDOR RUBIN et al., Appellants-Respondents, et al., Defendant. [606 NYS2d 314] —In an action to recover damages for breach of a real estate contract, the defendants Isidor Rubin and Arnold Elbogen appeal from a judgment of the Supreme Court, Kings County (Hurowitz, J.), dated November 12, 1990, which, after a nonjury trial, is in favor of the plaintiffs and against them in the principal sum of $20,548, and the plaintiffs cross-appeal from so much of the same judgment as fails to award them prejudgment interest.

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the judgment is reversed insofar as cross-appealed from, on the law, the words "with interest thereon from the date of this judgment" are deleted, and the words "with interest thereon from November 27, 1985" are substituted therefor, and the matter is remitted to the Supreme

Court, Kings County, for entry of an appropriate amended judgment; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The parties entered into a contract for the sale of an unimproved lot upon which the plaintiffs intended to construct two three-family homes. The contract provided that the appellants-respondents had to tender title which a reputable title company would insure. The title report indicated numerous exceptions, including in relevant part, a mortgage on the subject property. The parties failed to close on many scheduled dates because of the listed exceptions. On October 10, 1985, the last date set for the closing, the plaintiffs failed to appear. However, at that time, the appellants-respondents failed to tender a satisfaction of the mortgage to the title closer. Thereafter, the appellants-respondents declared the plaintiffs in default for failure to appear on October 10. After the plaintiffs failed to cure their alleged default within the allotted five-day period provided in their contract, the appellants-respondents retained the down payment as liquidated damages. The property was eventually sold to the defendant Tzippy Real Estate, Inc.

At the trial, a representative from the plaintiffs' title company testified that the title would not be insured because the property was subject to a mortgage. It is axiomatic that a seller cannot place a purchaser in default without first tendering his or her own performance (see, Lawrence v Miller, 86 NY 131; 1776 Assocs. Corp. v Broadway W. 57th St. Assocs., 181 AD2d 601). Where, as here, a real estate contract states that the seller shall tender title at closing that a reputable title company will insure, the burden of producing insurable title has been construed as a condition precedent to the seller holding the purchaser in default (see, Laba v Carey, 29 NY2d 302; Kopp v Barnes, 10 AD2d 532; Gilchrest-Great Neck v Byers, 27 Misc 2d 1078, affd 13 AD2d 1027, affd 11 NY2d 911; Salvin v Weidemann, 276 App Div 454). Since the appellants-respondents could not deliver title in accordance with the contract provisions, they could not declare the purchasers in breach.

Because the parties' contract was still in effect, we find that the appellants-respondents' letter of November 27, 1985, to the purchasers canceling the parties' contract constituted a repudiation (see, Petrizzo v Pinks, 154 AD2d 521). The trial court properly awarded the plaintiffs the return of their down payment and moneys expended on the title examination, as

provided for in the parties' contract (see, Petrizzo v Pinks, supra, at 521-522; L.I.C. Commercial Corp. v Zirinsky, 142 AD2d 713).

We have reviewed the appellants-respondents' remaining contentions and find them to be without merit.

We agree with the plaintiffs that they are entitled to prejudgment interest (see, Shubert v Sondheim, 138 App Div 800, affd 203 NY 636; Callahan Rd. Improvement Co. v Colonial Sand & Stone Co., 190 Misc 418). We award the plaintiffs prejudgment interest, measured from November 27, 1985, the date the appellants-respondents repudiated the contract. Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur.