■ JOHN SCULL et al., Appellants, v BENJAMIN M. SICOLI et al., Respondents. [668 NYS2d 827] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced

this action for damages and specific performance after defendant Benjamin M. Sicoli (seller) repudiated a contract to sell commercial real estate to plaintiff John Scull (purchaser). Plaintiffs moved for partial summary judgment on their causes of action for breach of contract, conversion and specific performance, and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiffs' motion and granted defendants' cross motion in its entirety.

Although the court properly dismissed that portion of the cause of action for conversion seeking punitive damages (*see, Walker v Sheldon*, 10 NY2d 401, 404-405), the court erred in denying plaintiffs' motion with respect to that cause of action insofar as it sought the return of down payments totaling $9,800. Defendants argue that plaintiffs forfeited the down payments because the purchaser did not close by the contract date of December 31, 1990 through no fault of the seller. However, time was not of the essence under the contract, and the parties had a reasonable time thereafter to tender performance (*see, Lang v Blumenthal*, 203 AD2d 252, 253). Regardless of the reason for the ensuing delay, the parties continued to negotiate and neither declared time of the essence and set a date for closing. By their pattern of dealing after December 31st, the parties acquiesced in the delay and gave the contract continued vitality (*see, Mader v Mader*, 101 AD2d 881, 882-883). The seller's letter of March 4, 1991 repudiating the contract therefore constitutes an anticipatory breach entitling plaintiffs to recover their down payments without proof that they were ready, willing and able to complete the transaction (*see, Gargano v Rubin*, 200 AD2d 554, 555-556; *Sunrise Assocs. v Pilot Realty Co.*, 170 AD2d 214; *Petrizzo v Pinks*, 154 AD2d 521, *appeal dismissed* 75 NY2d 792, *lv denied* 76 NY2d 702).

The court, however, properly granted defendants' cross motion insofar as it sought dismissal of the remaining causes of action. With respect to the causes of action for breach of contract and specific performance, plaintiffs had the burden to establish that they were "ready, willing and able to perform under the contract at some point prior to the commencement of this action" (*Madison Invs. v Cohoes Assocs.*, 176 AD2d 1021, 1022, *lv dismissed* 79 NY2d 1040). Defendants established that plaintiffs failed to meet that burden, and plaintiffs failed to raise an issue of fact in response. There is no proof that plaintiffs were financially able at any time to consummate the deal. Although plaintiffs contend that the environmental condition of the premises prevented them from obtaining financing, they produced no proof in evidentiary form that they qualified

for financing contingent upon a cleanup of the premises. With respect to the other causes of action, there is no proof of detrimental reliance to support the cause of action for fraud; the injuries claimed under the cause of action for negligence are far too speculative (*see, Conway v Brooklyn Union Gas Co.*, 189 AD2d 851, 852); and there is no proof of tortious interference with business relations (*see, 71 Pierrepont Assocs. v 71 Pierrepont Corp.*, 243 AD2d 625). Finally, issues raised in the motion papers concerning dismissal of the two remaining causes of action have not been pursued by plaintiffs on appeal and are deemed abandoned (*see, Ciesinski v Town of Aurora*, 202 AD2d 984).

We therefore modify the order by granting in part plaintiffs' motion and awarding plaintiffs judgment on the second cause of action, for conversion, in the amount of $9,800. (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.