■ MORTON'S OF CHICAGO/GREAT NECK LLC, Respondent, v CRAB HOUSE, INC., Appellant, et al., Defendant. [746 NYS2d 317]

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In October 1994, the defendant Crab House, Inc. (hereinafter Crab House), as tenant, and Thomaston Northern Associates and Shore-Port Washington Development Corp., as landlords, entered into a lease of real property located on Northern Boulevard in Great Neck. The lease provided that, as a prerequisite to any assignment of the lease or sublease of the premises, the tenant was required to offer "to terminate this lease as of the last day of any calendar month during the term hereof and to vacate and surrender the Demised Premises to Landlord on the date fixed in the notice served by Tenant upon Landlord." The lease further provided that "[a]ny notice, demand, request or other document or instrument which may be or is required to be given under this lease, shall be in writ-

ing and shall be deemed delivered when received or first refused."

By June 1998, Crab House had closed its restaurant at the premises and was seeking an assignee of the lease or subtenant for the property. In December 1998, the plaintiff, Morton's of Chicago/Great Neck, LLC (hereinafter Morton's), acquired the premises and became the defendant's landlord. In January 1999, Crab House located a potential sublessor. By letter dated February 11, 1999, Crab House advised Morton's that it had found a suitable subtenant, and that, pursuant to the lease, it was seeking consent to its assignment of the lease and offering Morton's the option of terminating the lease. On February 18, 1999, during a telephone conversation with Crab House's general counsel and vice-president, Morton's attorney orally accepted Crab House's offer to terminate the lease. On the same day, Morton's mailed a certified letter confirming the acceptance. Crab House subsequently attempted to revoke its offer to terminate the lease in a certified letter to Morton's dated February 18, 1999, and by facsimile transmission to Morton's dated February 19, 1999. On February 22, 1999, Crab House received Morton's certified letter confirming its oral acceptance of Crab House's offer to terminate the lease. On that same date, Morton's received Crab House's certified letter revoking the offer to terminate the lease.

The Supreme Court properly determined that Morton's accepted Crab House's offer to terminate the lease and surrender the premises prior to its receipt of Crab House's attempted revocation of the offer, and that the lease terminated on February 28, 1999. We agree with the Supreme Court's conclusion that, although the lease required that the tenant's offer to terminate the lease be in writing, it did not dictate the manner of acceptance of the offer. Since a binding contract is formed by an oral acceptance of a written offer (*see Tymon v Linoki,* 16 NY2d 293, 298), and it is undisputed that Morton's orally accepted Crab House's offer to terminate the lease prior to Crab House's attempt to revoke the offer, there was a binding agreement to terminate the lease. Moreover, Morton's oral acceptance of the offer to terminate the lease was followed on the same day by the mailing of its written acceptance of the offer. Morton's mailed its written acceptance of the offer on the day before Crab House faxed its notice of revocation of the offer. Acceptance of an offer is effective upon dispatch, and "the contract springs into existence at the time of [the] mailing" (*Wester v Casein Co.,* 206 NY 506, 513; *see Buchbinder Tunick & Co. v Manhattan Natl. Life Ins. Co.,* 219 AD2d 463, 466; Restatement [Second] of Contracts § 63).

We note that since this is in part a declaratory judgment action, the Supreme Court should have made a declaration in favor of the respondents (*see Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Altman, J.P., Schmidt, Townes and Cozier, JJ., concur.