■ CARIDAD OF WOODHAVEN RESTAURANT CORP., Appellant-Respondent, v BILL ARNIOTIS et al., Respondents-Appellants. [793 NYS2d 509]—

In an action to compel specific performance of an option contract for the sale of real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated November 19, 2003, as denied that branch of its motion which was for summary judgment, and the defendants cross-appeal from so much of the same order as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendants leased commercial premises to the plaintiff pursuant to a written lease which, inter alia, conferred upon

the plaintiff the option to purchase the premises within the three-year lease term for the sum of $335,000. The plaintiff duly sent notice to the defendants exercising the option. The defendants allegedly breached their obligations under the option.

The plaintiff commenced this action to compel specific performance of the option. The defendants responded by sending the plaintiff a proposed contract of sale which provided, inter alia, that the plaintiff's purchase of the property would be subject to a 25-year, below-market-rate lease on one of the apartments by one of the defendants. The plaintiff rejected the contract, maintaining that it was entitled to purchase the premises free of the defendants' tenancies.

The Supreme Court correctly denied the defendants' cross motion for summary judgment dismissing the complaint (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Contrary to the defendants' contention, the plaintiff validly exercised its purchase option. The plaintiff established, prima facie, that the option clause in the lease agreement did not specify the manner of acceptance. Therefore, the plaintiff's written notice was a valid method of accepting the option (see Morton's of Chicago/Great Neck v Crab House, 297 AD2d 335, 337 [2002]). The conclusory affidavits of the defendants were insufficient to establish, prima facie, that the plaintiff failed to accept the option.

Contrary to the plaintiff's contentions, however, the plaintiff failed to demonstrate its entitlement to specific performance on the purchase option free and clear of any tenancies created by the defendants. The only terms contained in the purchase option were the price and time in which it could be exercised. The plaintiff failed to prove, prima facie, that it had a right to purchase the premises free of any tenancies, or that the defendants were precluded from leasing the premises prior to conveyance. Thus, the Supreme Court properly denied its motion for summary judgment. Cozier, J.P., S. Miller, Goldstein and Mastro, JJ., concur.