■ RAYMOND A. ROLAND et al., Respondents, v CLIFFORD BENSON et al., Appellants. [816 NYS2d 190]—

In an action, inter alia, for specific performance of an option to purchase real property, the defendants appeal from a judgment of the Supreme Court, Orange County (Green, J.H.O.), entered March 4, 2005, which, after a nonjury trial, awarded specific performance in favor of the plaintiffs and against the defendants.

Ordered that the judgment is affirmed, without costs or disbursements.

The determination whether to grant or deny the equitable remedy of specific performance lies within the discretion of the court, and the right to such relief is not automatic (*see McGinnis v Cowhey*, 24 AD3d 629 [2005]). Specific performance may be awarded only where there is a valid existing contract for which to compel performance (*see Jacobowitz v Leak*, 19 AD3d 453, 455 [2005]).

Here, the defendants, in the answer, admitted the existence of an agreement and did not specifically plead the statute of frauds as an affirmative defense as required by CPLR 3018 (b). The failure to do so constituted a waiver of the defense and effectively precluded the Supreme Court from considering the issue on the merits (*see Blechner v Pecoraro*, 164 AD2d 878, 879-880 [1990]). Consequently, we do not reach the defendants' claim that the subject agreement was invalid because the defendant Catherine Benson signed her husband's name to the agreement and did not sign the agreement herself in her own name. In addition, the evidence demonstrated that Clifford Benson was closely involved in the transaction and ratified the actions of his wife in signing his name to the agreement. Furthermore, the Bensons' answer admitted the existence of the option to purchase.

"As this case was tried to the court, without a jury, this Court's power to review the evidence is as broad as that of the trial court, with appropriate regard given to the decision of the trial judge who was in a position to assess the credibility of the witnesses" (*Bubba's Bagels of Wesley Hills, Inc. v Bergstol*, 18 AD3d 411, 412 [2005]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Contrary to the defendants' argument, the trial evidence established that the plaintiffs were ready, willing, and able to perform their contractual obligations and were impeded only when Clifford Benson advised the plaintiff Raymond A. Roland that he would

not sell the property to him (*see Feldstein v Rounick*, 276 AD2d 523, 523-524 [2000]).

The defendants' remaining contentions are without merit. Crane, J.P., Goldstein, Luciano and Dillon, JJ., concur.