■ VERNA L. SMITH et al., Respondents, v TENSHORE REALTY, LTD., Appellant. [820 NYS2d 292]—

In an action, inter alia, to compel specific performance of a contract for the sale of a cooperative apartment, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated June 30, 2005, as granted that branch of the plaintiffs' motion which was, in effect, for summary judgment on the cause of action to compel specific performance.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' motion which was, in effect, for summary judgment on the cause of action to compel specific performance is denied, upon searching the record, summary judgment is awarded to the defendant, and the complaint is dismissed.

On May 14, 2004, the plaintiffs, as purchasers, entered into a contract with the defendant, as seller, for the purchase of a cooperative apartment in Brooklyn. The contract contained a financing contingency provision which gave the plaintiffs 20 business days from the date of their receipt of a fully-executed counterpart of the contract (hereinafter the mortgage contingency period) to obtain a loan commitment letter from an institutional lender. (There is some dispute as to whether the plaintiffs received a fully-executed counterpart of the contract on May 14, 2004, or May 17, 2004. In any event, it is clear that the mortgage contingency period had not yet expired on June 14, 2004, when the events giving rise to the instant litigation transpired.) The plaintiffs, subject to certain conditions, had the right to cancel the contract during a window period of seven business days following the expiration of the mortgage contingency period. The contract also contained a rider stating that notices "may be sent by facsimile transmission and, in such event, shall be deemed delivered upon transmission."

By letter dated June 11, 2004, before the expiration of the

mortgage contingency period, the plaintiffs requested a modification of the terms of the contract, extending the mortgage contingency period until July 12, 2004. The plaintiffs' letter stated, inter alia, that if the defendant refused to grant the extension, "the contract shall be deemed null and void and neither party shall have any further liability to the other." The letter, which was not accompanied by documentation required by the contract to be submitted with a notice of cancellation, was sent by regular mail, and a copy also was faxed to the defendant on June 14, 2004, at 9:25 A.M.

Upon receipt of the plaintiffs' letter, the defendant immediately elected to rescind the contract and to return the plaintiffs' contract deposit, and so notified the plaintiffs by letter dated June 14, 2004, which was sent by overnight courier, with a copy by fax to the plaintiffs on June 14, 2004, at 4:05 P.M. That same day, however, unbeknownst to the defendant, the plaintiffs received a loan commitment letter.

At 5:28 P.M. on June 14, 2004, the plaintiffs faxed a second letter to the defendant asking it to "disregard the fax that was sent earlier today" and stating that the plaintiffs no longer needed an extension of the mortgage contingency period. The defendant, however, took the position that the contract had already been cancelled and could not be revived. We agree.

The plaintiffs' notice of cancellation was defective in that it failed to include the documentation required under the contract of sale. The defendant was entitled to consider such defective notice an anticipatory repudiation of the contract (*see Velazquez v Equity LLC,* 28 AD3d 473 [2006]; *AG Props. of Kingston, LLC v Besicorp-Empire Dev. Co., LLC,* 14 AD3d 971 [2005]; *Spitz v Lesser,* 277 App Div 415 [1950], *mod on other grounds,* 302 NY 490 [1951]). Under those circumstances, the defendant could immediately elect, as it did, to rescind the contract, rather than to treat the repudiation as a breach or to await the time for the plaintiffs' performance and bring suit thereafter (*see Velazquez v Equity LLC, supra; see also* 23 Lord, Williston on Contracts § 63:33 [4th Ed]; *AG Props. of Kingston, LLC v Besicorp-Empire Dev. Co., LLC, supra; Eight Hundred Corp. v 217 State St. Realty Corp.,* 169 AD2d 810 [1991]).

Moreover, the defendant's rescission notice became effective upon dispatch to the plaintiffs (*see Velazquez v Equity LLC, supra; cf. Morton's of Chicago/Great Neck v Crab House,* 297 AD2d 335, 337 [2002]), which, in this case, indisputably occurred before the plaintiffs attempted to revive the contract. Accordingly, the plaintiffs did not establish their entitlement to judgment as a matter of law, and that branch of their motion

which was, in effect, for summary judgment on the cause of action to compel specific performance should have been denied, regardless of the sufficiency of the defendant's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Moreover, as there are no triable issues of fact, it is appropriate under the circumstances of this case to search the record and award summary judgment in favor of the defendant dismissing the complaint (*see* CPLR 3212 [b]; *Dunham v Hilco Constr. Co.*, 89 NY2d 425, 430 [1996]). Florio, J.P., Skelos, Fisher and Dillon, JJ., concur. [*See* 8 Misc 3d 1010(A), 2005 NY Slip Op 51012(U) (2005).]