■ KABRO PM, LLC, Appellant, v WGB MAIN STREET, LLC, et al., Respondents. [860 NYS2d 199]—

In an action, inter alia, to compel the specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered June 18, 2007, which denied its motion for summary judgment on the complaint and granted the defendants' separate cross motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs.

A party seeking specific performance of a contract for the sale of real property bears the burden of demonstrating that it was ready, willing, and able to perform its obligations under the contract (*see Realty Equities, Inc. v Walbaum, Inc.*, 18 AD3d 531 [2005]; *Johnson v Phelan*, 281 AD2d 394, 395 [2001]; *Huntington Min. Holdings v Cottontail Plaza*, 96 AD2d 526 [1983], *affd* 60 NY2d 997 [1983]). Here, the Supreme Court properly found that the evidence unequivocally demonstrated that the plaintiff was not ready, willing, and able to perform its obligations under the contract. The plaintiff repeatedly refused to close on the contract unless the defendant WGB Main Street, LLC (hereinafter WGB) performed a full environmental cleanup of the premises. Moreover, the plaintiff waived the satisfaction of any unsatisfied condition when it exercised its right to "override" WGB's termination of the contract pursuant to section 3.2 (d) of the contract. Thus, the plaintiff had no valid reason for refusing to close. After the defendants established, prima facie, their respective entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. The Supreme Court, therefore, properly granted their respective motions for summary judgment dismissing the complaint insofar as asserted against each of them (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]).

In view of the foregoing, we need not address the parties' remaining contentions. Fisher, J.P., Carni, McCarthy and Belen, JJ., concur. [*See* 16 Misc 3d 1114(A), 2007 NY Slip Op 51415(U).]