■ CORNER ASSOCIATES HOLDINGS, LLC, Appellant, v H.V.K. REALTY HOLDING Co. et al., Respondents. [880 NYS2d 712]—

In an action, inter alia, for specific performance of an option to purchase real property, which was consolidated with a holdover proceeding, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Risi, J.H.O.), dated June 25, 2008, as, after a nonjury trial, dismissed the cause of action for specific performance, in effect, granted the defendants' petition to evict it from the subject real property, and awarded possession of the real property to the defendants. By decision and order on motion of this Court dated May 22, 2008 [2008 NY Slip Op 72620(U)], enforcement of the judgment was stayed.

Ordered that the judgment is reversed insofar as appealed from, on the facts, with costs, the petition is denied, the cause of action for specific performance is reinstated, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment in favor of the plaintiff and against the defendants on the cause of action for specific performance of the option agreement.

In 1985 the defendants leased certain real property (hereinafter the premises) to the plaintiff's predecessor Corner Associates, Inc. (hereinafter Corner), for a term of 25 years pursuant to a written lease which, inter alia, conferred upon the tenant the option to purchase the premises for the sum of $775,000. In 2003 Corner assigned its rights as tenant under the lease to the plaintiff. Prior to the expiration of the lease, the plaintiff orally exercised the option to purchase, but the defendants refused to sell. The plaintiff sought to compel specific performance of the option to purchase and the defendants thereafter commenced a holdover proceeding to evict the plaintiff from the premises. After a consolidated nonjury trial, the Supreme Court dismissed the plaintiff's complaint, awarded possession of the premises to the defendants, and permitted the eviction of the plaintiff.

"As this case was tried to the court, without a jury, this Court's power to review the evidence is as broad as that of the trial court, with appropriate regard given to the decision of the trial judge who was in a position to assess the credibility of the witnesses" (*Singh v Atakhanian*, 31 AD3d 425, 426 [2006] [internal quotation marks omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]). The evidence at trial established that the plaintiff validly exercised its option to purchase the premises, as the lease did not specify the manner in which the option was to be exercised

(*see Caridad of Woodhaven Rest. Corp. v Arniotis,* 17 AD3d 618, 619 [2005]; *LaPonte v Dunn,* 17 AD3d 539 [2005]; *Morton's of Chicago/Great Neck v Crab House,* 297 AD2d 335, 337 [2002]). Furthermore, the evidence established that the plaintiff was ready, willing, and able to proceed with the sale (*see Roland v Benson,* 30 AD3d 398, 399-400 [2006]; *cf. Huntington Min. Holdings v Cottontail Plaza,* 60 NY2d 997, 998 [1983]; *3M Holding Corp. v Wagner,* 166 AD2d 580 [1990]; *Madison Invs. v Cohoes Assoc.,* 176 AD2d 1021, 1022 [1991]). As the option to purchase was not explicitly conditioned on the plaintiff's compliance with the other terms in the lease (*cf. Singh v Atakhanian,* 31 AD3d 425 [2006]), the Supreme Court erred in finding that the plaintiff failed to exercise its option to purchase. Accordingly, the Supreme Court should have awarded specific performance to the plaintiff.

In light of the foregoing determination, we need not address the plaintiff's remaining contentions. Fisher, J.P., Miller, Chambers and Austin, JJ., concur.