ELIE ZEITOUNE et al., Respondents, v LIAT COHEN et al., Appellants. [887 NYS2d 253]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court,

Kings County (Held, J.), dated April 25, 2008, as granted that branch of the plaintiffs' motion which was for summary judgment on the cause of action for specific performance, and denied their cross motion for summary judgment dismissing the complaint and cancelling a notice of pendency filed by the plaintiffs in connection with the real property, and (2) from a judgment of the same court entered August 21, 2008, as amended September 5, 2008, which, upon the order, is in favor of the plaintiffs and against them directing specific performance of the contract. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment, as amended (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment, as amended, is reversed, on the law, the plaintiffs' motion for summary judgment on the cause of action for specific performance is denied, the defendants' cross motion for summary judgment dismissing the complaint and cancelling the notice of pendency is granted, the complaint is dismissed, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment, as amended (*see* CPLR 5501 [a] [1]).

In early 2005 the plaintiffs (hereinafter the purchasers) signed a contract to purchase residential real property owned by the defendants (hereinafter the sellers). The contract was at first entered into between the purchasers and the defendant Liat Cohen, but was later, in effect, modified to include the defendant Jack Cohen as a seller. The contract provided that, in the event that the sellers were unable to deliver marketable title, the purchasers had the option either to rescind the contract or accept whatever title the sellers could deliver. When the purchasers learned that there was a lien against the property representing a substantial judgment against Jack Cohen, the sellers insisted that the judgment had been discharged in bankruptcy. After making certain attempts to clear the lien, the sellers declared that they were not obligated to take any further steps, and tendered the down payment to the purchasers, who refused to accept it. Rather, the purchasers insisted that the contract required the sellers to deliver title clear of the lien, and

demanded that the sellers set a closing date. No closing date was set, by either the purchasers or the sellers.

The purchasers commenced this action, seeking, inter alia, specific performance and damages for breach of contract. The purchasers moved for summary judgment on the cause of action for specific performance, and the sellers cross-moved to dismiss the complaint based on a defense founded on documentary evidence (see CPLR 3211 [a] [1]), for summary judgment dismissing the complaint, and to cancel a notice of pendency filed by the plaintiffs in connection with the real property. The Supreme Court granted the purchasers' motion and denied the sellers' cross motion, and judgment was entered in favor of the purchasers, directing specific performance of the contract. We reverse.

A party seeking summary judgment must submit proof in evidentiary form sufficient to establish its prima facie entitlement to judgment as a matter of law (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The moving party's failure to meet its burden requires denial of the motion "regardless of the sufficiency of the opposing papers" (Smalls v AJI Indus., Inc., 10 NY3d 733, 735 [2008]; see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Smith v Tenshore Realty, Ltd., 31 AD3d 741, 742-743 [2006]). A party seeking specific performance of a real estate contract must establish that it was ready, willing, and able to perform its obligations under the contract "on the original law day or, if time is not of the essence, on a subsequent date fixed by the parties or within a reasonable time thereafter" (Ferrone v Tupper, 304 AD2d 524, 525 [2003]; see Huntington Min. Holdings v Cottontail Plaza, 60 NY2d 997, 998 [1983]; Kabro PM, LLC v WGB Main St., LLC, 52 AD3d 659 [2008]; Stojowski v D'Sa, 28 AD3d 645 [2006]; Internet Homes, Inc. v Vitulli, 8 AD3d 438, 439 [2004]). The same rule applies with respect to claims for damages for breach of a contract for the sale of real property (see Stojowski v D'Sa, 28 AD3d at 645; Buoninfante v Legacy Dev. USA Corp., 306 AD2d 511 [2003]).

An anticipatory breach by the party from whom specific performance is sought excuses the party seeking specific performance from tendering performance, but not from the requirement that the party seeking specific performance establish that he or she was ready, willing, and able to perform (see Eivers v Dreamworks Constr., Inc., 48 AD3d 625, 625-626 [2008]; Fridman v Kucher, 34 AD3d 726, 727 [2006]; McCabe v Witteveen, 34 AD3d 652, 653-654 [2006]; Johnson v Phelan, 281 AD2d 394, 395 [2001]; Cohn v Mezzacappa Bros., 155 AD2d 506 [1989]; Zev v Merman, 134 AD2d 555, 557 [1987], affd 73 NY2d 781 [1988]). By contrast, a party seeking damages for breach of a contract

for the sale of real property need not establish that he or she was ready, willing, and able to perform on the closing date when there has been an anticipatory breach by the other party (see *Peek v Scialdone,* 56 AD3d 743, 744 [2008]; *Karo v Paine,* 55 AD3d 679, 680 [2008]; *Somma v Richardt,* 52 AD3d 813, 814 [2008]).

Here, the purchasers submitted no proof that they were ready, willing, and able to fulfill their obligations under the contract on the law day, inasmuch as it is undisputed that the parties never scheduled a "law day," with time made of the essence. Consequently, the Supreme Court should have denied the purchasers' motion for summary judgment on the cause of action for specific performance, and it should have granted that branch of the sellers' cross motion which was for summary judgment dismissing the cause of action for specific performance (see *Weiss v Feldbrand,* 50 AD3d 673, 674 [2008]; *Decatur [2004] Realty, LLC v Cruz,* 30 AD3d 367 [2006]; *Cave v Kollar,* 296 AD2d 370, 371 [2002]; *Hamburger v Rieselman,* 206 AD2d 822, 824 [1994]; *3M Holding Corp. v Wagner,* 166 AD2d 580, 582 [1990]; cf. *Zev v Merman,* 134 AD2d 555, 557-558 [1987], *affd* 73 NY2d 781 [1988]).

The sellers also established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for breach of contract. In opposition, the purchasers failed to raise a triable issue of fact.

Accordingly, that branch of the sellers' cross motion which was for summary judgment dismissing the complaint should have been granted, and the *notice of pendency should have been cancelled* as a consequence. Fisher, J.P., Covello, Angiolillo and Roman, JJ., concur.