■ ISLAND AUTO SEAT COVER COMPANY, INC., Appellant-Respondent, v VITO MINUNNI et al., Respondents-Appellants. [892 NYS2d 189]—

The plaintiff, Island Auto Seat Cover Company, Inc., as tenant, and the defendants Vito Minunni and Estelle Jane Minunni, as landlords (hereinafter together the defendant landlord) entered into a lease dated October 2000 (hereinafter the lease) for certain commercial space in a rear building (hereinafter the demised premises) located on Bay Street in Staten Island (hereinafter the subject property). The lease, which had an expiration date of October 31, 2010, contained an option to purchase the subject property (hereinafter the option) on which the demised premises was located, for the sum of $350,000, exercisable by providing notice to the defendant landlord or its succes-

sor at any time during the lease term, but no later than six months prior to the lease expiration date. The option also provided that the closing of title was to take place within 90 days of the date of such notice. It is undisputed that the plaintiff notified the defendant landlord on or about March 25, 2008, of its intent to exercise the option in an all-cash transaction. The notice was sent as was required under the option by certified mail, return receipt requested.

In support of its motion for summary judgment directing specific performance of the option, the plaintiff established, prima facie, that the option contained in the lease is an enforceable agreement (*see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91 [1991]; *Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 485 [1989], *cert denied* 498 US 816 [1990]; *160 Chambers St. Realty Corp. v Register of City of N.Y.*, 226 AD2d 606, 607 [1996]; Restatement [Second] of Contracts § 33; *cf. Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109-111 [1981]), and that it timely sent notice to the defendant landlord of its intent to exercise the option in accordance with its terms (hereinafter the notice) (*see Weissman v Adler*, 187 AD2d 647, 648 [1992]). In opposition to the motion, the defendants failed to raise a triable issue of fact regarding the enforceability of the option and the timeliness of the notice. The defendants also failed to refute the plaintiff's allegation that they refused to cooperate with the plaintiff in scheduling a closing of title.

The plaintiff, however, failed to establish its prima facie entitlement to judgment as a matter of law on that portion of its complaint seeking specific performance of the option. In order to be entitled to specific performance of a contract, a plaintiff must demonstrate that it was ready, willing, and able to perform its obligations thereunder regardless of a defendant's anticipatory breach (*see Cipriano v Glen Cove Lodge #1458, B.P.O.E.*, 1 NY3d 53, 61 [2003]; *cf. Zev v Merman*, 134 AD2d 555, 557 [1987], *affd* 73 NY2d 781 [1988]). While the plaintiff was not required to demonstrate an actual tender of performance in light of the defendants' refusal to cooperate in scheduling a closing (*see Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997, 998 [1983]; *Roland v Benson*, 30 AD3d 398, 399-400 [2006]; *Glauber v P. S. F. B. Assoc.*, 89 AD2d 576 [1982]), to obtain summary judgment directing specific performance, the plaintiff was required to demonstrate financial ability to close during the requisite time period (*see Stawski v Epstein*, 67 AD2d 681 [1979]). Here, the plaintiff's corporate secretary averred in a reply affidavit that he was ready to proceed with

an all-cash transaction with moneys funded by a mortgage taken on property owned by his mother-in-law and father-in-law. That assertion alone was insufficient to demonstrate that the plaintiff had the necessary funding to close (*see Johnson v Phelan,* 281 AD2d 394, 395 [2001]; *L.I.C. Commercial Corp. v Zirinsky,* 142 AD2d 713, 716 [1988]; *see also Stojowski v D'Sa,* 28 AD3d 645 [2006]; *Handy v Manganelli,* 181 AD2d 658 [1992]; *cf. Stawski v Epstein,* 67 AD2d at 681). Accordingly, notwithstanding that the option is enforceable, the plaintiff failed to demonstrate, prima facie, that it was ready, willing, and able to proceed with the sale (*see Corner Assoc. Holdings, LLC v H.V.K. Realty Holding Co.,* 63 AD3d 774 [2009]; *CNR Healthcare Network, Inc. v 86 Lefferts Corp.,* 59 AD3d 486, 488-489 [2009]; *Roland v Benson,* 30 AD3d at 399).

Accordingly, the plaintiff's motion for summary judgment directing specific performance of the option was properly denied.

The defendants failed to establish their entitlement to judgment as a matter of law dismissing the complaint (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 852 [1985]). Therefore, the Supreme Court properly denied the defendants' cross motion for summary judgment dismissing the complaint.

The defendants' remaining contentions are without merit. Skelos, J.P., Covello, Leventhal and Roman, JJ., concur.