■ Chun Peter Dong, Appellant, v First Korean Church of New York, Respondent. [54 NYS3d 451]—

In an action, inter alia, for specific performance of a contract to sell real property and for a judgment declaring that the contract is binding and enforceable, the plaintiff appeals from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered May 15, 2015, which granted the defendant's motion for summary judgment dismissing the complaint and for a judgment declaring that the contract is not binding and enforceable.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the contract of sale is not binding and enforceable.

On July 15, 2013, the plaintiff and the defendant, First Korean Church of New York (hereinafter the Church), entered into a contract whereby the Church agreed to sell to the plaintiff real property located in Queens County for the purchase price of $18,700,000. A rider to the contract acknowledged that, since one of the parties to the agreement was a church, "this sale . . . is therefore subject to approval by the New York State Attorney General and the Supreme Court." The contract was executed on behalf of the Church by its President, Sei Oung Yoon.

After the contract was executed, the Church obtained an appraisal valuing the property at $19,500,000. At a special meeting of the Church's board of trustees held on December 8, 2013, the trustees unanimously adopted a resolution "recommending the sale of the property, but unanimously voting not to proceed with the current contract of sale at a price below [the] appraised value of [$]19,500,000." A special meeting of the Church's congregation was scheduled and noticed for December 22, 2013, at which the members of the Church raised questions regarding the advisability of the sale, and postponed a vote to approve the sale. Thereafter, in an effort to determine its obligations under the contract, the Church submitted a proposed petition pursuant to Not-For-Profit Corporation Law § 511 to the Office of the New York State Attorney General, seeking a judicial determination as to whether the Church "should complete the sale of the Property . . . to [the plaintiff] for the sum of $18,700,000." In a letter dated May 15, 2014, the Attorney General advised that the requirements of Not-For-Profit Corporation Law § 511 (a) (7) and (8) had not been

met and, therefore, the Attorney General would object to the granting of an order approving the proposed sale. Based upon the Attorney General's letter, the Church chose not to file the proposed petition in the Supreme Court, and instead repudiated the contract and returned the plaintiff's down payment.

The plaintiff commenced this action against the Church seeking, inter alia, specific performance and a judgment declaring that the contract was binding and enforceable. The Church moved for summary judgment dismissing the complaint and declaring that the contract was not binding and enforceable. The Supreme Court granted the Church's motion. The plaintiff appeals.

The Church met its prima facie burden on its motion for summary judgment (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "A religious corporation shall not sell . . . any of its real property without applying for and obtaining leave of the court or the attorney general therefor pursuant to [N-PCL 511] as that section is modified by . . . [N-PCL 511-a]" (Religious Corporations Law § 12 [1]). A petition seeking such approval must set forth, inter alia, "[t]hat such sale . . . has been recommended or authorized by vote of the directors in accordance with law" and that, "[w]here the consent of members of the corporation is required by law, . . . such consent has been given" (N-PCL 511 [a] [7], [8]). Here, notwithstanding the execution of the contract by the Church's president, the contract was not binding against the Church, since it was not approved by the Church's board of trustees or members (cf. Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn, 76 AD2d 712, 714 [1980], affd 54 NY2d 742 [1981]). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

Accordingly, the Supreme Court properly granted the Church's motion for summary judgment. Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the contract of sale is not binding and enforceable (see Lanza v Wagner, 11 NY2d 317, 334 [1962]).

The plaintiff's remaining contentions have been rendered academic in light of our determination. Balkin, J.P., Hall, Hinds-Radix and Connolly, JJ., concur.