Dowling v Terrace City Lodge 1499 IBPOE (2018 NY Slip Op 05280)





Dowling v Terrace City Lodge 1499 IBPOE


2018 NY Slip Op 05280


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-08669
 (Index No. 71275/14)

[*1]John Dowling, appellant, 
v
Terrace City Lodge 1499 IBPOE, respondent.


Harris Beach, PLLC, White Plains, NY (John J. Phelan of counsel), for appellant.
Einig & Bush LLP, New York, NY (Dan M. Rice of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), entered July 15, 2016. The judgment, insofar as appealed from, upon an order of the same court dated March 29, 2016, inter alia, denying that branch of the plaintiff's motion for summary judgment which was for specific performance of a contract for the sale of real property and, in effect, upon searching the record, directing cancellation of the contract, vacated a notice of pendency and cancelled the contract.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant, a noncharitable not-for-profit corporation, entered into a contract for the sale of real property owned by the defendant. The contract was executed by a trustee of the defendant on the defendant's behalf, but was not approved by the defendant's board and members as required by N-PCL 510. Following the defendant's failure to close and its attempt to repudiate the contract by return of the down payment, the plaintiff filed a notice of pendency against the property and commenced this action, inter alia, for specific performance. The plaintiff moved for summary judgment on the complaint. In an order dated March 29, 2016, the Supreme Court, inter alia, denied that branch of the plaintiff's motion for summary judgment which was for specific performance, and, in effect, upon searching the record, directed the cancellation of the contract. The defendant thereafter moved to vacate the notice of pendency and to enter judgment upon the order dated March 29, 2016. By judgment entered July 15, 2016, the court vacated the notice of pendency and cancelled the contract of sale. The plaintiff appeals.
We agree with the Supreme Court's determination to deny that branch of the plaintiff's motion for summary judgment which was for specific performance of the contract of sale. "To prevail on a cause of action for specific performance of a contract for the sale of real property, a plaintiff purchaser must establish that it substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations, that the vendor was able to convey the property, and that there was no adequate remedy at law" (Grunbaum v Nicole Brittany, Ltd., 153 AD3d 1384, 1384 [internal quotation marks omitted]). "Specific performance may be awarded only where there is a valid existing contract for which to compel performance" (Roland v Benson, 30 AD3d 398, 399).
N-PCL 510(a)(1) requires that a sale of all or substantially all the assets of a not-for-profit corporation be authorized by a two-thirds vote of the corporation's members (see N-PCL 613[c]), following a noticed meeting and adoption of a resolution recommending the sale and setting forth the terms and conditions of the proposed transaction. A contract of sale executed by a not-for-profit corporation's principal, which has not been approved by its board and members in accordance with N-PCL 510, is unenforceable (see Daughters of Jacob Geriatric Ctr. v Jewish Fedn. of Yonkers, 139 AD2d 560, 560; see also Dong v First Korean Church of N.Y., 151 AD3d 930, 931).
The defendant is a noncharitable not-for-profit corporation. The property subject to the contract of sale constitutes all or substantially all of the defendant's assets, and the contract of sale, although executed by a trustee of the defendant, was not approved by the defendant's board or members as required by N-PCL 510(a)(1). Accordingly, we agree with the Supreme Court's determination to deny that branch of the plaintiff's motion for summary judgment which was for specific performance of the contract of sale, and, in effect, upon searching the record, to direct cancellation of the contract (see N-PCL 510[a][1]; Daughters of Jacob Geriatric Ctr. v Jewish Fedn. of Yonkers, 139 AD2d at 460; see generally Dong v First Korean Church of N.Y., 151 AD3d at 931).
The plaintiff's remaining contentions are either not properly before this Court or without merit.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court