45 Nostrand LLC v Strongin (2024 NY Slip Op 01773)

45 Nostrand LLC v Strongin

2024 NY Slip Op 01773

Decided on April 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 02, 2024

Before: Oing, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 650447/22 Appeal No. 1956 Case No. 2023-03853 

[*1]45 Nostrand LLC, Respondent,
v
Wendy Strongin, Appellant.

Rivkin Radler LLP, New York (Jeremy B. Honig of counsel), for appellant.
Glenn Agre Bergman & Fuentes LLP, New York (Jed I. Bergman of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered July 24, 2023, which denied defendant's motion to dismiss and granted plaintiff's cross-motion to serve the complaint, unanimously affirmed, with costs.
The motion court exercised its discretion in a provident manner in granting the extension for an extension of time for service of the complaint for "good cause shown" (CPLR 306-b; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105 [2001]). Although plaintiff waited to move for the extension until six weeks after service was contested, this was not unreasonable under the circumstances presented. Plaintiff made numerous attempts at service starting shortly after filing the complaint, and after defendant brought her motion contesting service, plaintiff made several more attempts at service, filed an amended complaint, and then made additional attempts at service, some 12 in total. Plaintiff's diligence and the lack of prejudice to defendant in light of actual notice of the summons and complaint weighed in favor of granting the cross-motion (see Deutsche Bank, AG v Vik, 149 AD3d 600, 600 [1st Dept 2017]; Petracca v Hudson Tower Owners LLC, 139 AD3d 518 [1st Dept 2016]).
We agree with the motion court that plaintiff has alleged a cause of action for specific performance. "The elements of a cause of action for specific performance of a contract are that the plaintiff substantially performed its contractual obligations and was willing and able to perform its remaining obligations, that defendant was able to convey the property, and that there was no adequate remedy at law" (EMF Gen. Contr. Corp. v Bisbee, 6 AD3d 45, 51 [1st Dept 2004], lv denied 3 NY3d 607 [2004]). Plaintiff alleged that it placed its deposit for the purchase of the real property in escrow and set a time of the essence closing date. It further alleged that it had wired the remainder of the balance due into escrow, that at all times it was and continued to be ready, willing, and able to purchase the property, and that it had repeatedly advised defendant seller of its availability. It was not until shortly before the scheduled closing that defendant seller's counsel allegedly advised plaintiff not to attend the closing. As a result, defendant frustrated plaintiff's ability to perform and its performance was thus excused as futile (Stawski v Epstein, 67 AD2d 681, 682 [2d Dept 1979]; Cohn v Mezzacappa Bros., 155 AD2d 506 [2d Dept 1989]; Sosa v Acevedo, 40 AD3d 268 [1st Dept 2007]; Oak Bee
Corp. v Blankman & Co., 154 AD2d 3, 8 [2d Dept 1990]). .THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 2, 2024