■ LEITH CONSTRUCTION Co., INC., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In an action to recover damages for breach of contract, plaintiff appeals from an order of the Supreme Court, Kings County, dated November 23, 1977, which (1) denied its motion for summary judgment and (2) granted defendant's cross motion (a) for leave to amend its answer by (i) deleting its affirmative defense of financial emergency and (ii) adding the affirmative defenses that plaintiff was an irresponsible bidder and that the action was time barred by virtue of a provision in

the contract and (b) to dismiss the complaint by reason of its being time barred. Order modified by deleting the second, third and fourth decretal paragraphs thereof and by substituting therefor a provision that the branches of the cross motion which seek (1) to amend the answer by asserting the defense of contractual Statute of Limitations and (2) dismissal of the complaint, are denied and that the cross motion is otherwise granted. As so modified, order affirmed, without costs or disbursements. The plaintiff, Leith Construction Co., Inc., entered into several contracts with the defendant Board of Education of the City of New York for the performance of construction work in different schools. The contract here involved concerns work at James Monroe High School. In order to obtain one of the other contracts, the plaintiff fraudulently represented to the defendant that one of its officers held a rigger's license. On April 24, 1975 the board of review of the defendant, after a hearing, declared the plaintiff an irresponsible bidder. On May 8, 1975 the acting director of defendant's office of maintenance and operation wrote to plaintiff concerning all of its contracts, and stated that "your work on these jobs has been terminated." We hold that such letter was an unequivocal act by the defendant evincing its intention to cancel the contracts which it had with the plaintiff. On February 4, 1976 plaintiff commenced this action to recover damages for breach of contract arising out of the alleged wrongful cancellation of the James Monroe High School contract. Defendant seeks to assert a "contractual statute of limitations" as a defense. That period of limitations was contained in article 67 of the contract, which provides, in pertinent part: "No action shall lie or be maintained against The Board or The City upon any claim based upon this contract or arising out of this contract or out of anything done in connection with this contract, unless * * * if this contract be terminated or declared abandoned by The Board under the provisions of Article 21 of this contract, such action by The Contractor or anyone claiming under The Contractor be commenced within six months from the date of *such termination* or declaration of abandonment by The Board" (emphasis supplied). Because this action was commenced more than six months after the letter of termination was received, defendant claims that plaintiff's action is time barred. Special Term agreed with this contention and dismissed the complaint,. We disagree. The six-month limitation of time applies only where "such termination" (with certain limited exceptions not applicable here) is made under the provisions of article 21 of the contract. Article 21 is entitled "Default" and pertains to the right of the board to declare the contract terminated or abandoned because of the failure to perform the work in accordance with the contract. Defendant has never contended that the plaintiff failed to perform any of the work required of it under the James Monroe High School contract now before us, but rather it claimed that plaintiff lied with respect to its qualifications as a bidder on *other* contracts, and for that reason was declared an undesirable bidder. Thus it appears that the instant contract was not terminated under the provisions of article 21; consequently the six-month time limitation does not apply. Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.