■ GDJS CORP. et al., Appellants, v 917 PROPERTIES INC., Respondent. — Judgment, Supreme Court, New York County (David Boehm, J.), entered December 16, 1983, dismissing the complaint following a nonjury trial and canceling the *lis pendens,* reversed, on the law and on the facts, with costs and disbursements, to grant judgment to plaintiffs on the first cause of action in the sum of $50,000, with interest thereon from February 19, 1982, and judgment on liability on the second cause of action, and the matter remanded to Supreme Court for an assessment of damages. ¶ The action was brought to recover a down payment of $50,000 and resulting damages for defendant's breach of a contract to sell premises at 1850 and 1852 Second Avenue, in Manhattan. GDJS Corp. is the nominee of plaintiff 1850 Second Avenue Associates, a limited partnership formed to rehabilitate and develop the property into a co-operative apartment building. The contract, entered into December 15, 1981, provided for title closing to take place "on February 15, 1982 or sooner at option of purchaser" and, after a discussion on that issue, did not provide that "time was of the essence." ¶ Following execution of the contract, plaintiffs prepared necessary papers to be submitted to the Attorney-General, retained an architect to draw plans and ordered a title report. One week prior to the law day, when defendant advised that it would be ready to close on February 16 since February 15 was a holiday, plaintiffs' attorney responded in writing and orally that additional time was needed to obtain the Attorney-General's approval of the prospectus, necessary before the limited partnership interests could be sold to finance the deal. Counsel suggested an adjournment to March 15, 1982. There followed a series of conversations between counsel, defendant substantially agreeing to a one-week adjournment, conditioned upon plaintiffs increasing the down payment and/or obtaining a "bridge loan." While plaintiffs refused to make a further deposit, they did attempt to secure such a loan through the limited partnership's selling agent. On the afternoon of February 16, when plaintiffs advised of their progress in securing financing, stated it would be impossible to close the following week, defendant insisted that the closing be held on that very day. Following another request by plaintiffs that the closing be scheduled for March 15, on February 19, 1982, defendant declared plaintiffs in default for the failure to proceed to closing on February 16. ¶ In equity actions for specific performance, time is not of the essence unless it affirmatively appears that the parties required the time of performances as a material consideration (*Schmidt v Reed,* 132 NY 108, 113; *Lusker v Tannen,* 90 AD2d 118, 124). However, in an action at law to recover the down payment or for damages upon breach of an agreement, it is generally held that the time for performance stipulated in the contract is of the essence unless a contrary intent appears, either from the agreement or the conduct of the parties (*Kaufman v Brennan,* 123 App Div 516, 518; *Lusker v Tannen, supra,* at p 124). Thus, in such an action, the specification in the contract of a date for closing, without more, made time of the essence.

Nevertheless, the parties, by their conduct, may evince an intent that time not be of the essence and, in such instances, even where the action is at law, the refusal to grant a reasonable adjournment may amount to a repudiation of the agreement (see *Leading Bldg. Corp. v Segrete,* 60 AD2d 907). ¶ On this record, we are in agreement that these parties did not intend that time be of the essence, evidenced by their discussion to exclude such a provision when the contract was executed and their subsequent conduct, thereby entitling plaintiffs to a reasonable adjournment of the closing. It is undisputed that defendant initially agreed to adjourn the closing and only when certain conditions could not be met did it attempt to resurrect the original date and declare plaintiffs in default. This defendant could not do. Where an executory contract fixes the time of performance and performance within the period is waived, a default on account of such delay may not be declared without sufficient notice requiring performance within a reasonable time (*Taylor v Goelet,* 208 NY 253, 258; see, also, 62 NY Jur, Vendor and Purchaser, § 39, pp 250-251). ¶ Moreover, since the actions and discussions between the parties demonstrated that time was not of the essence, the one-month adjournment sought by plaintiffs as necessary to secure financing and syndication approval was reasonable. Defendant, in refusing to grant a reasonable adjournment and attempting to retroactively declare a default after having agreed to a postponement of the law day, repudiated the agreement, thus entitling plaintiffs to recover the down payment and any damages resulting from defendant's breach and failure to act in good faith (see *Mokar Props. Corp. v Hall,* 6 AD2d 536, 539). Concur — Ross, Asch, Fein and Kassal, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm. It does not take Gertrude Stein to know that a contract is a contract is a contract. ¶ The contract provided that the closing take place on February 15, 1982 "or sooner at option of purchaser". This means that while the purchaser, for our purpose the plaintiffs-appellants, could move up the closing date, the outside date was February 15, 1982. The plaintiffs were not then in a position to have the necessary capital for the closing and asked for an extension. The defendant-respondent refused unless it obtained additional concessions. It had the right to do this. ¶ The shibboleth "time of the essence" has nothing to do with the situation. This was strictly a matter of money, and the plaintiffs did not have it when they were supposed to have.