■ OXFORD FUNDING CORPORATION, Appellant, v JAMES H. NORTHRUP, INC., et al., Respondents.—In an action, inter alia, to recover a down payment for the purchase of real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered October 15, 1986, which denied its motion for summary judgment, granted the cross motion of the defendants for summary judgment dismissing the complaint and in their favor on their counterclaim,

and ordered an inquest on the issue of damages with respect to the counterclaim.

Ordered that the order is affirmed, with costs.

Contrary to the defendants' assertions, we find that they were contractually bound to deliver the premises, which were located in the Town of Islip, with rental permits required under the Islip Town Code. However, we further conclude that the advance rejection of title by the plaintiff purchaser, one day prior to the adjourned scheduled closing date, amounted to an anticipatory breach of the contract.

As was stated by the Court of Appeals: "While a vendee can recover his money paid on the contract from a vendor who defaults on law day without a showing of tender or even of willingness and ability to perform where the vendor's title is incurably defective *(Greene* v. *Barrett, Nephews & Co.,* 238 N. Y. 207), a tender and demand are required to put the vendor in default where his title could be cleared without difficulty in a reasonable time. *(Higgins* v. *Eagleton,* 155 N. Y. 466; *Wija Bldg. Corp.* v. *Kay-Wei Bldg. Corp.,* 223 App. Div. 848, affd. 249 N. Y. 575; *Amity Associates* v. *Amity Farms Shopping Center,* 11 A D 2d 811, motion for leave to appeal den. 9 N Y 2d 609; *Amity Farms Shopping Center* v. *Morse,* 11 A D 2d 812, affd. 11 N Y 2d 827.) Further, the vendor in such a case is entitled to a reasonable time beyond law day to make his title good *(Ballen* v. *Potter,* 251 N. Y. 224). It is, therefore, clear that plaintiff's advance rejection of title and demand for immediate return of the deposit was unjustified and an anticipatory breach of contract. This position, adhered to throughout, prevented defendants' title defects from ever amounting to a default. Consequently, plaintiff is barred from recovering the deposit from a vendor whose title defects were curable and whose performance was never demanded on law day. *(Higgins* v. *Eagleton, supra)" (Cohen v Kranz,* 12 NY2d 242, 246; *see also, Grace v Nappa,* 46 NY2d 560, *rearg denied* 47 NY2d 952).

In the case at bar, the required permits were readily obtainable within a reasonable period of time. Moreover, the plaintiff buyer was aware well in advance of the scheduled closing date that these permits had not been obtained. Thus, its failure to tender performance or give the defendants a reasonable time to cure the defect amounted to an anticipatory breach of the contract. Weinstein, J. P., Eiber, Spatt and Sullivan, JJ., concur.