■ RICHARD KLEIN et al., Appellants, v STEPHEN OPERT et al., Respondents. [608 NYS2d 292] —In an action, inter alia, to recover damages for breach of a contract to purchase real property, the plaintiff sellers appeal from a judgment of the Supreme Court, Nassau County (Segal, J.), entered January 9, 1992, which, upon an order of the same court dated November 19, 1991, denying their motion for summary judgment, and granting the cross motion of the defendant purchasers for summary judgment, inter alia, dismissed the complaint and directed the escrow agent to refund the contract deposit plus accrued interest to the defendants. The plaintiffs' notice of appeal from the order dated November 19, 1991, is deemed a premature notice of appeal from the judgment (see, CPLR 5520 [c]).

Ordered that the judgment is reversed, on the law, with costs, the order is vacated, the cross motion is denied, the plaintiffs' motion for summary judgment is granted to the extent that the plaintiffs are entitled to retain the defendants' down payment on the contract as liquidated damages, the motion is otherwise denied, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment in the plaintiffs' favor authorizing them to retain the defendants' down payment of $25,000.

We find, as a matter of law, that the defendants' notice

dated February 10, 1990, fixing February 16, 1990, as the law day, with time of the essence, failed to provide the plaintiffs with a reasonable time in which to close *(see, Ben Zev v Merman,* 73 NY2d 781; *Knight v McClean,* 171 AD2d 648). As a result, the plaintiffs were entitled to a reasonable adjournment of the closing date "without the passage of the law day amounting to an incurable contractual default" *(Tarlo v Robinson,* 118 AD2d 561, 565; *see, 3M Holding Corp. v Wagner,* 166 AD2d 580; *Sohayegh v Oberlander,* 155 AD2d 436). Therefore, the plaintiffs' failure to produce the necessary certificates and permits on February 16, 1990, did not render them in default.

We further find that because the necessary certificates and permits were obtainable by the plaintiffs within a reasonable time, and the defendants were aware that they could not be obtained prior to the law day, the defendants' refusal to provide the plaintiffs with a reasonable time to obtain them was tantamount to an anticipatory breach *(see, Oxford Funding Corp. v James H. Northrup, Inc.,* 130 AD2d 722; *GDJS Corp. v 917 Props.,* 99 AD2d 998). Therefore, the plaintiffs are entitled to retain the defendants' $25,000 down payment, pursuant to the contract of sale. Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.