■ TESMER BUILDERS, INC., Respondent, v ANTHONY CIMATO et al., Individually and Doing Business as PINO ALTO PARTNERS, Appellants. [629 NYS2d 594] —Order and judgment unanimously reversed on the law with costs, cross motion denied, motion granted and judgment ordered in accordance with the following Memorandum: Supreme Court erred in granting plaintiff's cross motion for summary judgment, finding that plaintiff is entitled to recover its down payment of $50,000. The parties entered into a contract for the sale of real property providing that "[a]ny closing date is predicated upon Purchaser being able to obtain a Building Permit on the scheduled date of closing." Defendants (sellers) set a closing date of February 9, 1994, and declared time to be of the essence. They notified plaintiff (purchaser) on February 3 that building permits would not be available until February 17 and that, until that time, neither party could schedule a closing. The purchaser notified the sellers on February 7 that it was insisting on the closing

date of February 9 and that it was declaring time to be of the essence. When the seller failed to close on February 9, the purchaser rescinded the contract and demanded return of its down payment. Because the contract provides that any closing date is predicated upon the purchaser being able to obtain a building permit on that scheduled date, the time-of-the-essence declaration of each party is a nullity. The purchaser could have waived compliance with the contractual provision concerning the building permit but, instead, insisted upon compliance with that provision. Thus, the purchaser was not entitled to demand performance on February 9. We conclude that the purchaser's unilateral rescission of the contract constituted an anticipatory breach, entitling the sellers to retain the down payment *(see, Klein v Opert,* 201 AD2d 705, 706). The purchaser has not controverted the claim of damages asserted by the seller. Thus, the sellers are entitled to judgment on their counterclaim in the sum of $50,000, representing the difference between the contract price and the actual resale price, less the down payment *(see,* 91 NY Jur 2d, Real Property Sales and Exchanges, § 173), together with interest from February 24, 1994, at the statutory rate *(see,* CPLR 5004), costs and disbursements. We order that judgment be entered in favor of defendants accordingly. (Appeal from Order and Judgment of Supreme Court, Erie County, Rath, Jr., J.—Breach of Contract.) Present—Denman, P. J., Pine, Callahan, Doerr and Balio, JJ.