■ RICHARD KLEIN et al., Appellants, v STEPHEN OPERT et al., Respondents. [631 NYS2d 70] —Motion by the appellants to

amend the remittitur clause of a decision and order of this Court, dated February 28, 1994 (201 AD2d 705), which determined an appeal from a judgment of the Supreme Court, Nassau County, entered January 9, 1992. Cross motion by the respondents, in effect, for reargument of the appeal, or, in the alternative, for leave to appeal to the Court of Appeals.

Upon the papers filed in support of the motion and cross motion and the papers filed in opposition thereto, it is

Ordered that the motion is denied as academic in light of our determination upon the cross motion; and it is further,

Ordered that that branch of the cross motion which is for reargument is granted and the cross motion is otherwise denied, and upon reargument the decision and order of this court dated February 28, 1994, is recalled and vacated and the following decision and order is substituted therefor:

In an action, *inter alia,* to recover damages for breach of a contract to purchase real property, the plaintiff sellers appeal from a judgment of the Supreme Court, Nassau County (Segal, J.), entered January 9, 1992, which, upon an order of the same court dated November 19, 1991, denying their motion for summary judgment and granting the cross motion of the defendant purchasers for summary judgment, *inter alia,* dismissed the complaint and directed the escrow agent to refund the contract deposit plus accrued interest to the defendants. The plaintiffs' notice of appeal from the order dated November 19, 1991, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is reversed, on the law, with costs, the order is vacated, the cross motion is denied, the plaintiffs' motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment in the plaintiffs' favor in the sum of $25,000, together with interest from January 19, 1990.

"Reasonable time" is a term of art with well-developed implications in the law. What constitutes a reasonable time necessarily depends upon the nature, purpose and circumstances of each case (*see, Alaska Textile Co. v Chase Manhattan Bank,* 982 F2d 813; *Ben Zev v Merman,* 73 NY2d 781; *Knight v McClean,* 171 AD2d 648). We find, based upon the circumstances of this case, that the defendant's notice dated January 19, 1990, fixing February 16, 1990, as the law day, with "time of the essence", with knowledge that certain certificates or permits could not be obtained by that date, failed to provide the plaintiff with a reasonable time in which to close (*see, Brum Realty v Takeda,* 205 AD2d 365; *Knight v McClean, supra*). As

a result, the plaintiffs were entitled to a reasonable adjournment of the closing date "without the passage of the law day amounting to an incurable contractual default" (*Tarlo v Robinson*, 118 AD2d 561, 565; *see, 3M Holding Corp. v Wagner*, 166 AD2d 580; *Sohayegh v Oberlander*, 155 AD2d 436). Therefore, the plaintiffs' failure to produce those necessary certificates and permits on February 16, 1990, did not render them in default.

We further find that because the necessary certificates and permits were obtainable by the plaintiffs within a reasonable time, and the defendants were aware that they could not be obtained prior to the law day, the defendants' refusal to provide the plaintiffs with a reasonable time to obtain them was tantamount to an anticipatory breach (*see, Oxford Funding Corp. v James H. Northrup, Inc.*, 130 AD2d 722; *GDJS Corp. v 917 Props.*, 99 AD2d 998). Therefore, the plaintiffs are entitled to recover the sum of $25,000 representing the defendant's down payment, pursuant to the contract of sale, together with interest from January 19, 1990, the date of the anticipatory breach. Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.