■ ANTHONY GOLFO et al., Respondents, v KYCIA ASSOCIATES, INC., et al., Appellants. [791 NYS2d 577]—

In an action, inter alia, for specific performance of contracts for the sale of real property, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated June 2, 2003, as denied those branches of their cross motion which were for summary judgment dismissing the complaint, cancellation of the notice of pendency, an award of an attorney's fee, and the imposition of a sanction.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court that the defendants failed to meet their prima facie burden of establishing their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Specifically, the subject contracts, which were for the sale of four separate parcels of real property in Suffolk County, each contained a provision granting the defendants a right of cancellation "[i]n the event that the closing of title does not take place on or before August 31, 2001" with respect to the property located at Route 25A and Wading River Manor Road, and "[i]n the event that the closing of title does not take place on or before September 30, 2001," with respect to the other three properties. However, the evidence tendered by the defendants in support of their cross motion established that, by letter dated December 12, 2001, they asked the plaintiffs to schedule a "mutually agreeable closing date" within two weeks, and did not thereafter purport to exercise their contractual right of cancellation until March 25, 2002. Under these circumstances, the Supreme Court correctly concluded that issues of fact existed as to whether the defendants waived their right of cancellation (*see Gresser v Princi,* 128 AD2d 752 [1987]; *see also Kaufman v Haverstraw Rd. Lands,* 158 AD2d 675 [1990]). In light of the defendants' failure to carry their prima facie burden of proof, that branch of the cross motion which was for summary judgment was properly denied regardless of the sufficiency of the plaintiffs' opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

The defendants' remaining contentions are without merit. S. Miller, J.P., Ritter, Crane and Fisher, JJ., concur.