■ MAURICE ROBERT PETERS et al., Respondents, v MARCUS COLWELL et al., Appellants, et al., Defendant. [877 NYS2d 180]—

In an action, inter alia, to recover a down payment given pursuant to a contract for the sale of real property, the defendants Marcus Colwell and Nicole Colwell appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 4, 2007, as granted that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against them, and denied their cross motion for summary judgment dismissing the complaint and on their counterclaim to retain the down payment, and (2) from a judgment of the same court dated January 3, 2008, which, upon the order, is in favor of the plaintiffs and against them in the principal sum of $151,700. The notice of appeal from the order entered December 4, 2007, is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against the appellants is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs (hereinafter the buyers) entered into a contract of sale on February 8, 2007 with the defendants Marcus Colwell and Nicole Colwell (hereinafter the sellers) to purchase their home for the sum of $1,517,000. The contract provided for a closing date "on or about" April 30, 2007 and did not specify that time was of the essence.

The property was extensively damaged by flooding occasioned by heavy rainfall, including a severe storm on April 15, 2007. The buyers became aware of the damage shortly after its occurrence, and participated in discussions with the sellers as to the remediation of the damage.

The contract provided a procedure for adjournment of the closing date, if there were defects the sellers were attempting to

remediate. By letter dated May 4, 2007, the sellers advised the buyers that the they were exercising their right to adjourn the closing date in accordance with that provision, a period not exceeding 60 days in the aggregate, while the sellers undertook efforts to remedy the defects in the property. By letter dated May 11, 2007, the buyers asserted that the sellers would not be able to complete the remediation of all the defects by June 30, 2007, attempted to cancel the contract, and demanded the return of their $151,700 down payment. The sellers did not return the down payment, and the buyers commenced this action.

The buyers moved, inter alia, for summary judgment on the complaint insofar as asserted against the sellers, relying in part on unsworn engineer reports, which are not competent proof of the assertions made therein. The sellers cross-moved for summary judgment dismissing the complaint and for judgment on their counterclaim to retain the buyers' down payment.

Here, neither the buyers nor the sellers demonstrated their entitlement to judgment as a matter of law. There are issues of fact as to whether the sellers could have remedied the defects by the adjourned closing date (*cf. Engels v French,* 274 AD2d 544 [2000]), and whether a determination that the defects would not be timely remedied could properly be made on May 11, 2007, such that the buyers' letter of that date would not constitute an anticipatory breach of the contract (*see American List Corp. v U.S. News & World Report,* 75 NY2d 38 [1989]; *see also Kattas v Sherman,* 32 AD3d 496 [2006]; *J. Petrocelli Constr., Inc. v Realm Elec. Contrs., Inc.,* 15 AD3d 444 [2005]).

Accordingly, the Supreme Court properly denied the sellers' cross motion, but the court erred in awarding summary judgment to the buyers. Spolzino, J.P., Covello, Angiolillo and Chambers, JJ., concur.