■ MICHAEL FRANCESA et al., Respondents, v JOSEPH SCIBETTA et al., Appellants. [903 NYS2d 74]—

In an action, inter alia, to recover a down payment given pursuant to a contract for the sale of real property, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated March 4, 2009, as granted the plaintiffs' motion for summary judgment on the complaint and denied their cross motion for summary judgment dismissing the complaint and on their counterclaim to retain the down payment, and (2) from a judgment of the same court entered April 27, 2009, which, upon the order, is in favor of the plaintiffs and against them in the principal sum of $132,500.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiffs' motion for summary judgment on the complaint is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs, Michael Francesa and Rosemary Francesa (hereinafter together the buyers), entered into a contract of sale with the defendants, Joseph Scibetta and Carmen Scibetta (hereinafter together the sellers), to purchase their home for the sum of $2,650,000. Pursuant to the contract, the buyers tendered a down payment in the sum of $132,500. However,

prior to the adjourned closing date, the buyers demanded rescission of the contract and a return of the down payment based on alleged title defects, and then failed to attend the closing.

In an order entered December 6, 2006, the Supreme Court granted the buyers' motion for summary judgment on the complaint based on a claim that an agreement between the sellers and the sellers' neighbors regarding fences located on the property rendered title unmarketable. The Supreme Court also denied the sellers' cross motion for summary judgment dismissing the complaint and on their counterclaim to retain the down payment. The sellers subsequently appealed and this Court determined that the Supreme Court erred in granting the buyers' motion for summary judgment, but that it properly denied the sellers' cross motion (*see Francesa v Scibetta*, 50 AD3d 629 [2008]).

Thereafter, the buyers again moved for summary judgment, this time based on a different defect in title. The buyers asserted that the sellers' title was unmarketable because the property described in the contract, designated as lot 445, was grouped with another property, designated as lot 448, for tax purposes. In support of the motion, the buyers submitted, inter alia, the affidavit of their title expert, who asserted that the aforementioned grouping made the defendant's title unmarketable. The sellers opposed the motion, asserting, among other things, that lot 448 consisted of only 25 square feet, or .11% of the 22,008-square-foot combined area of both lots, and the proportionate taxes attributable to lot 448 were in the sum of only $18.51. Consequently, the sellers argued that there was at least a triable issue of fact as to whether title was marketable and, thus, whether the buyers wrongly breached the contract by failing to appear on the adjourned closing date. Additionally, the sellers again cross-moved for summary judgment dismissing the complaint and on their counterclaim to retain the down payment.

In opposition to the buyers' prima facie showing of their entitlement to judgment as a matter of law on the issue of the marketabilty of title, the sellers raised a triable issue of fact as to whether the alleged cloud on the title would render it unmarketable. Accordingly, the Supreme Court should not have granted the buyers' motion for summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]; *cf., Zeitoune v Cohen*, 66 AD3d 889 [2009]).

However, contrary to the sellers' contention, the Supreme Court properly denied their cross motion for summary judgment dismissing the complaint and on their counterclaim to

retain the down payment. There are triable issues of fact as to whether the sellers could have remedied the alleged defect by the adjourned closing date and as to whether the buyers' repudiation of the contract constituted an anticipatory breach (*see Peters v Colwell*, 61 AD3d 729 [2009]; *Kattas v Sherman*, 32 AD3d 496 [2006]; *Hegner v Reed*, 2 AD3d 683 [2003]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Florio, Miller and Austin, JJ., concur.