■ LEONARD BULLARO et al., Appellants, v LIDO DUNES, LLC, et al., Respondents. [934 NYS2d 230]—

The plaintiffs entered into a contract dated June 22, 2009, to purchase certain real property located in Lido Beach from the defendant Lido Dunes, LLC (hereinafter Lido Dunes). The parties never closed. The plaintiffs commenced this action to recover their down payment. The defendants interposed an answer with a counterclaim for, inter alia, a judgment declaring that the defendants were entitled to retain the down payment. The plaintiffs moved for summary judgment on the complaint. The Supreme Court, among other things, denied the plaintiffs' motion, and the plaintiffs appeal.

The plaintiffs failed to demonstrate their prima facie entitlement to judgment as a matter of law on their cause of action to recover their down payment. The plaintiffs failed to eliminate all triable issues of fact including, but not necessarily limited to, whether they effectively declared that time was of the essence (*see Decatur [2004] Realty, LLC v Cruz*, 73 AD3d 970, 971 [2010]); whether they were ready, willing, and able to perform on the law date of December 28, 2009, by tendering the funds in the manner required by Lido Dunes pursuant to the contract (*see Zeitoune v Cohen*, 66 AD3d 889, 891 [2009]; *Zev v Merman*, 134 AD2d 555, 557 [1987], *affd* 73 NY2d 781 [1988]); whether Lido Dunes' adjournment of the closing date from December 28, 2009, to December 30, 2009, properly reconciled and gave effect to paragraphs 4 (b) and 21 of the parties' contract (*see Muzak Corp. v Hotel Taft Corp.*, 1 NY2d 42, 46 [1956]; *Novelty Crystal Corp. v PSA Institutional Partners, L.P.*, 49 AD3d 113, 115 [2008]); and whether the plaintiffs' failure to attend the closing on December 30, 2009, was excused due to Lido Dunes' alleged inability to convey title on that date pursuant to the contract (*see Kopp v Boyango*, 67 AD3d 646, 650 [2009]; *Willsey v Gjuraj*, 65 AD3d 1228, 1230-1231 [2009]).

As the plaintiffs failed to make a prima facie showing in support of their motion, the Supreme Court properly denied· their motion irrespective of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Angiolillo, J.P., Hall, Austin and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32153(U).]**