In an action to recover a down payment made pursuant to a contract for the sale of real property, the defendants appeal (1) from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated November 8, 2012, which denied their motion for summary judgment dismissing the complaint and on their counterclaim for a judgment declaring that they are entitled to retain the down payment in the principal sum of $95,000, and (2), as limited by their brief, from so much of an order of the *762 same court dated November 9, 2012, as granted that branch of the plaintiffs’ motion which was for summary judgment on the complaint.
Ordered that the order dated November 8, 2012, is affirmed, without costs or disbursements; and it is further,
Ordered that the order dated November 9, 2012, is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the plaintiffs’ motion which was for summary judgment on the complaint is denied.
In June 2010, the plaintiffs and the defendants entered into a contract of sale for certain real property located in Westhampton, pursuant to which the plaintiffs made a down payment of $95,000.
The contract provided for a closing date “on or about” July 1, 2010, and did not specify that time was of the essence. Paragraph 33 of the rider to the contract contained a clause giving the plaintiffs the right to have the premises inspected for the purpose of determining the existence of infestation by termites or other wood-destroying insects and damage created by the infestation. If an inspection revealed an infestation and/or damage created thereby, the defendants had the option of either treating and repairing the condition or, if the cost of treatment and/or repair exceeded $1,000, terminating the contract and refunding the down payment. An inspection of the premises revealed termite infestation. The defendants chose to treat the condition, for which they received a one-year termite warranty. They also obtained an estimate for repairs in the amount of $1,900. The plaintiffs provided the defendants with their own repair estimate in the amount of $34,975 and believed that the defendants were required to pay this amount to comply with paragraph 33. The defendants disagreed, contending that they were not obligated to pay the full amount of the plaintiffs’ repair estimate, as it covered items that were not caused by termite damage.
Paragraph 16 (b) of the contract provided, inter alla, as a condition to closing, that the defendants would deliver valid certificates of occupancy covering the buildings and improvements on the property. Paragraph 37 of the rider to the contract provided that certain structures, such as a shed, were not an integral part of the transaction and that in lieu of obtaining a certificate of occupancy, the defendants had the option of removing the structure at their expense.
On July 28, 2010, the plaintiffs terminated the contract and demanded, to no avail, that the defendants return the down payment. On August 24, 2010, the defendants notified the *763 plaintiffs that they had set a time of the essence closing date for September 9, 2010. On that date, neither the plaintiffs, their attorney, nor the title company appeared. In January 2011, the plaintiffs commenced this action.
The Supreme Court, inter alla, granted that branch of the plaintiffs’ motion which was for summary judgment on the complaint and denied the defendants’ motion for summary judgment dismissing the complaint and for judgment on their counterclaim for a judgment declaring that they are entitled to retain the down payment in the principal sum of $95,000.
The Supreme Court properly denied the defendants’ motion, as triable issues of fact exist regarding whether they were ready, willing, and able to perform on the law day (cf. Vision Enters., LLC v 111 E. Shore, LLC, 92 AD3d 868 [2012]) and whether they were entitled to retain the down payment (see Green Complex, Inc. v Smith, 107 AD3d 846, 849 [2013]). However, the Supreme Court erred in granting that branch of the plaintiffs’ motion which was for summary judgment on the complaint. The plaintiffs failed to demonstrate their prima facie entitlement to judgment as a matter of law on their cause of action to recover the down payment, as they failed to eliminate all triable issues of fact, including whether their termination of the contract constituted an anticipatory breach and whether the defendants could have remedied the alleged issues with respect to the termites and the shed at an adjourned closing date (see Bullaro v Lido Dunes, LLC, 90 AD3d 688 [2011]; Francesa v Scibetta, 73 AD3d 1121, 1122-1123 [2010]; Peters v Colwell, 61 AD3d 729, 731 [2009]; Veeraswamy v Novak Juhase & Stern, LLP, 50 AD3d 1127 [2008]). Dillon, J.E, Chambers, Austin and Duffy, JJ., concur.