■ Anthony Dazzo et al., Appellants, v Thomas Kilcullen, Respondent. [7 NYS3d 552]—

In an action, inter alia, for the return of a down payment given pursuant to a contract for the sale of real property, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated August 23, 2013, as denied their motion for summary judgment on their second cause of action and dismissing the defendant's first counterclaim.

Ordered that the order is affirmed insofar as appealed from, with costs.

On January 13, 2006, the plaintiffs and the defendant entered into a contract of sale for the purchase of the defendant's real property in East Islip. The sale price was $580,000 and the plaintiffs provided a down payment of $25,000. The contract contained a mortgage contingency clause providing that the plaintiffs were required to receive a written mortgage commitment within 45 days of a date certain, later determined to be January 18, 2006. Thus, the date upon which the written mortgage commitment was required to be provided was March 4, 2006 (45 days from the date certain; hereinafter the commitment date). The contract provided that if the mortgage commitment was not issued on or before the commitment date, the plaintiffs had the right to cancel the contract by providing notice of cancellation to the defendant within five business days after the commitment date and their down payment would be returned. The contract also provided that if the plaintiffs failed to give notice of cancellation or if the plaintiffs accepted a com-

mitment that did not comply with the terms of the contract, then the plaintiffs were deemed to have waived their right to cancel the contract and receive a refund of the down payment.

Insofar as relevant to this appeal, the mortgage lender notified the plaintiffs, in a letter dated March 8, 2006, that the appraiser had informed the lender that there was a sump pump in the basement of the property that was running at the time of inspection although there was no evidence of recent rain or snow fall that would indicate a need for it to be running. The letter stated that before the mortgage lender could make a decision regarding the acceptability of the property for financing, it would require an inspection by a professional, licensed engineer to determine the extent of the problem and the cost to cure, if curable.

By a letter from their attorney dated March 9, 2006 (hereinafter the March 2006 letter), the plaintiffs notified the defendant that the lender was unable to make a decision on the mortgage loan due to the water in the basement, enclosed the letter from the lender, and requested that the defendant's attorney contact the plaintiffs' attorney. Some time in April 2006, the plaintiffs requested the return of the down payment and the defendant refused.

Subsequently, the plaintiffs commenced this action, inter alia, for the return of the down payment. After substantial motion practice, including two summary judgment motions, and two orders of the Supreme Court, dated October 27, 2007, and August 5, 2010, respectively, and a decision by this Court on the appeal from the October 27, 2007, order (*see Dazzo v Kilcullen*, 56 AD3d 415 [2008]), the plaintiffs moved a third time, for summary judgment on their second cause of action for return of the down payment and dismissing the defendant's first counterclaim, which is to retain the down payment. The defendant cross-moved for summary judgment on his first counterclaim, and to dismiss the complaint. In an order dated August 23, 2013, the Supreme Court denied the motion and cross motion. The plaintiffs appeal from so much of the order as denied their motion.

The Supreme Court properly denied the plaintiffs' motion for summary judgment on their second cause of action for return of their down payment on the ground that there are triable issues of fact as to whether the March 2006 letter constitutes a notice of cancellation as required by the contract. Contrary to the plaintiffs' contention, the law of the case doctrine is inapplicable to the issue of whether the March 2006 letter constitutes a notice of cancellation, as that issue had not been ad-

dressed or decided in either of the two previous orders of the Supreme Court or in this Court's prior decision and order and, thus, the issue was not "necessarily resolved on the merits" (*Ramanathan v Aharon*, 109 AD3d 529, 530-531 [2013]; *see Erickson v Cross Ready Mix, Inc.*, 98 AD3d 717, 718 [2012]). Although the plaintiffs established that they were unable to secure a written mortgage commitment in accordance with the contract by the commitment date, they failed to eliminate all triable issues of fact as to whether the March 2006 letter constituted a notice of cancellation entitling them to the return of their down payment pursuant to the terms of the contract (*see Taylor v Carbone*, 116 AD3d 761 [2014]; *Golfo v Kycia Assoc., Inc.*, 15 AD3d 540 [2005]; *see generally KPSD Mineola, Inc. v Jahn*, 57 AD3d 853, 854 [2008]) or whether it was simply notice that they would need additional time to obtain a mortgage commitment from the lender. Since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on their second cause of action and dismissing the defendant's first counterclaim, we need not consider the sufficiency of the defendant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of the foregoing, this Court need not reach the parties' remaining contentions. Dillon, J.P., Dickerson, Duffy and Barros, JJ., concur.