Schnob v Calla (2024 NY Slip Op 03447)

Schnob v Calla

2024 NY Slip Op 03447

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-08696
 (Index No. 150114/20)

[*1]Rea Schnob, appellant, 
v
Edward Calla, etc., respondent.

Gaines & Fishler, LLP, Staten Island, NY (Jesse David Eisenberg of counsel), for appellant.
John J. Orlando, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated October 6, 2022. The order granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is denied.
In May 2017, the plaintiff entered into a contract to purchase a vacant lot located in Staten Island from the defendant. The sale price was $160,000, and the plaintiff paid a down payment of $20,000, which was deposited into the escrow account of the defendant's counsel. The contract did not make time of the essence. In a letter dated July 27, 2017 (hereinafter the July 2017 letter), the plaintiff's counsel requested an extension of a 60-day due diligence period, during which the contract provided that the plaintiff had a unilateral right to cancel the contract. The defendant's counsel responded, in effect, that the defendant would only extend the due diligence period if the plaintiff also agreed to purchase a second lot from the defendant. There were no further communications between the parties for approximately two years, during which period the defendant's counsel retained the down payment in his escrow account.
In October 2019, the plaintiff's counsel informed the defendant's counsel that the plaintiff sought to close on the sale. The defendant's counsel responded, in effect, that the contract had been cancelled and sought to return the down payment. Subsequently, the plaintiff's counsel advised the defendant's counsel by letter that time was of the essence and designated January 8, 2020, as the closing date (hereinafter the time of the essence letter). In a December 2019 letter, the defendant's counsel rejected the time of the essence letter and stated that the "matter has not been in contract for some time."
The plaintiff commenced this action, inter alia, for specific performance of the contract. The defendant moved, among other things, for summary judgment dismissing the complaint. In an order dated October 6, 2022, the Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. The plaintiff appeals.
A defendant seller moving for summary judgment dismissing a cause of action for specific performance of a contract for the sale of real property has the burden of demonstrating the absence of a triable issue of fact regarding whether the plaintiff buyer was ready, willing, and able to close (see Ashkenazi v Miller, 190 AD3d 668, 670-671; Point Holding, LLC v Crittenden, 119 AD3d 918, 919). In addition, the defendant seller must demonstrate, prima facie, that the plaintiff buyer was in default (see Ashkenazi v Miller, 190 AD3d at 671; Point Holding, LLC v Crittenden, 119 AD3d at 919).
Here, the defendant failed to establish, prima facie, that the plaintiff was not ready, willing, and able to close because the plaintiff failed to attend the closing on January 8, 2020, in light of the defendant's counsel rejecting the time of the essence of letter and stating to the plaintiff's counsel that the "matter has not been in contract for some time" (see Jian Yun Guo v Azzab, 162 AD3d 754, 755; Kopp v Boyango, 67 AD3d 646, 650; Moray v DBAG, Inc., 305 AD2d 472, 473). In addition, the defendant failed to eliminate all triable issues of fact as to whether the July 2017 letter constituted a cancellation of the contract (see Dazzo v Kilcullen, 127 AD3d 1126, 1128; cf. Leith Constr. Co. v Board of Educ. of City of N.Y., 62 AD2d 1050, 1051).
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court