■ Louise E. Dembeck, Appellant, v Joanne T. Hassler, Respondent. [669 NYS2d 571] —Order, Supreme Court, New York County (Stephen Crane, J.), entered August 1, 1996, which, in an action by plaintiff buyer against defendant seller to recover damages for breach of contract to sell a cooperative apartment, insofar as appealed from as limited by the buyer's brief, denied her cross motion for summary judgment, and, upon a search of the record, granted the seller summary judgment dismissing the complaint, unanimously affirmed, with costs.

The IAS Court correctly held that the seller, once advised that the buyer had obtained a mortgage commitment, effectively retracted her wrongful repudiation of the contract that had been based on the buyer's failure to obtain such a commitment (*see*, 4 Corbin, Contracts § 980 [1951]; *Mardon v Simon*, 78 AD2d 805, *appeal dismissed* 53 NY2d 940). There is no merit to the buyer's argument that the retraction was a new agreement barred by the Statute of Frauds because never signed by her (*cf.*, *Coneys v Game*, 141 AD2d 795). The effect of the seller's wrongful repudiation was an anticipatory breach that did not put the contract out of existence but merely relieved the buyer of her future obligation to perform, and entitled her to a remedy if her position materially changed before the retraction had issued (*see*, 4 Corbin, Contracts § 982). There is no issue of fact as to whether the buyer's position had changed. Concur—Rosenberger, J. P., Ellerin, Wallach and Rubin, JJ.