■ John Bykowsky et al., Appellants-Respondents, v Irving Eskenazi et al., Respondents-Appellants, et al., Defendants. [769 NYS2d 216]—

Order, Supreme Court, New York County (Charles Ramos, J.), entered January 17, 2003, which, insofar as appealed and cross-appealed from, granted the moving defendants summary judgment to the extent of finding that their retraction of their repudiation of the January 6, 1996 Stock Purchase Agreement was timely; held that the issue of whether the retraction was bona fide was for the jury; permitted the moving defendants to interpose a counterclaim for breach of contract and ordered that discovery relating thereto be concluded by March 28, 2003; and denied moving defendants' motion for summary judgment dismissing plaintiffs' breach of contract, trademark and privacy claims, unanimously modified, on the facts and in the exercise of discretion, to order that discovery relating to the counterclaim be completed within 77 days of service of a copy of this Court's order with notice of entry, and otherwise affirmed, without costs.

In a decision that the moving defendants never appealed, and which this appeal from Justice Ramos' nonfinal order does not bring up for review, Supreme Court (Karla Moskowitz, J.), found that those defendants anticipatorily breached the parties' Stock Purchase Agreement. However, since there is no evidence that plaintiffs materially changed their position before June 5, 1997, defendants' letter of that date, in which they offered to perform under the contract, effectively retracted the repudiation (*see Dembeck v Hassler*, 248 AD2d 148 [1998], *lv denied* 92 NY2d 805 [1998]), provided the offer was bona fide and timely.

Justice Moskowitz found that whether the June 5 letter constituted a bona fide retraction is an issue of fact for trial. Assuming such finding was not law of the case, and that the bona fides of defendants' retraction should have been reviewed by Justice Ramos, the record does not permit a conclusive finding in this regard (*see Financial & Real Estate Consulting Co. v*

*State of New York*, 63 AD2d 802, 803 [1978], *appeal dismissed* 45 NY2d 837 [1978]; *RMED Intl., Inc. v Sloan's Supermarkets, Inc.*, 207 F Supp 2d 292, 298 [2002]). Plaintiffs contend that even if the June 5 letter were bona fide, it was untimely because it came after plaintiff Bykowsky indicated that he considered defendants' repudiation to be final (*see* Restatement [Second] of Contracts § 256). However, Bykowsky never clearly stated that he considered defendants' repudiation to be final. After defendants anticipatorily breached the Stock Purchase Agreement, Bykowsky did not exercise his option pursuant to section 3.7a to cancel the contract. Nor did he ever formally terminate the contract pursuant to section 7.1. Rather, he tried to renegotiate the deal. Moreover, on June 11, 1997, Bykowsky wrote to defendants seeking to enforce the Stock Purchase Agreement as to plaintiff New York Urban Professionals Athletic League, Inc.

We reject plaintiffs' other arguments, based on section 1.5 of the Stock Purchase Agreement, that the June 5 letter was untimely. First, since slippage of deadlines in construction projects is common, it is of no moment that defendants told Bykowsky in the spring of 1997 that the sports facility that they were building would open on July 1, 1997. Rather, it is more significant that, on June 5, 1997, defendants told Bykowsky that the facility would open within 45 days. Second, plaintiffs' argument based on the five-day provision for mailed notices (section 8.2) is hypertechnical. The contract does not say that the *only* time the closing can take place is 45 days before the facility opens; and it does say that the closing can take place "at such other date, time or place as shall be mutually agreed upon by the Seller and the Purchasers" (section 1.5). The court properly permitted the moving defendants to add a counterclaim that is essentially the same as their third affirmative defense. Plaintiffs have not shown "prejudice or surprise resulting *directly* from the delay" (*Fahey v County of Ontario*, 44 NY2d 934, 935 [1978] [emphasis added]). As for discovery, plaintiffs admit that the only new discovery necessitated by the counterclaim concerns the moving defendants' damages. The parties should be able to complete discovery on this discrete issue within the 77 days allotted by the trial court.

We decline to consider defendants' argument, raised for the first time on appeal, that plaintiffs' anticipatory repudiation claims should be dismissed because plaintiffs were unable to perform their obligations under the Stock Purchase Agreement (*see Ta-Chotani v Doubleclick, Inc.*, 276 AD2d 313 [2000]).

We also decline to consider defendants' arguments that Justice Ramos should have dismissed plaintiffs' trademark and

privacy claims. Defendants did not appeal Justice Moskowitz's order, which denied their motion to dismiss those claims, and did not, in the present round of renewal motions before Justice Ramos, submit any new facts relating to those claims (*see* CPLR 2221 [e]). Concur—Andrias, J.P., Williams, Lerner and Gonzalez, JJ.