■ ELVIN VELAZQUEZ, Respondent, v EQUITY LLC, Formerly Known as EQUITY INVESTMENTS, Appellant. [814 NYS2d 182]—

In an action for specific performance of a contract for the sale of proprietary shares of a cooperative apartment, the defendant appeals from an order of the Supreme Court, Kings County (Jones, J.), dated July 27, 2005, which, upon converting the

plaintiff's motion for a temporary restraining order into a motion for summary judgment on the sole cause of action for specific performance, granted the motion.

Ordered that the order is reversed, on the law, with costs, the motion is denied, upon searching the record, summary judgment is awarded to the defendant, and the complaint is dismissed.

On October 27, 2004, the plaintiff, as purchaser, entered into a contract with the defendant, as seller, for the purchase of the proprietary shares of a cooperative apartment in Brooklyn. The contract contained a financing contingency provision which gave the plaintiff 35 business days from October 27, 2004 (hereinafter the mortgage contingency period), to obtain a loan commitment letter from an institutional lender. The plaintiff, subject to certain conditions, had the right to cancel the contract during a seven business day window following the expiration of the mortgage contingency period.

By letter dated December 14, 2004, before the expiration of the mortgage contingency period, the plaintiff requested a modification of the terms of the contract by extending the mortgage contingency period until December 31, 2004. The plaintiff's letter stated, inter alia, that if the defendant refused to grant the extension, it "may consider this letter notice of cancellation of the Contract." The letter was not accompanied by documentation required by the contract to be submitted with a notice of cancellation.

Upon receipt of the plaintiff's request, the defendant immediately elected to rescind the contract, and notified the plaintiff accordingly by overnight courier dispatched on December 14, 2004. That same day, however, unbeknownst to the defendant, the plaintiff received a loan commitment letter.

The following day, December 15, 2004, the plaintiff attempted, in effect, to revoke his defective notice of cancellation by faxing a copy of the loan commitment letter to the defendant. The defendant, however, took the position that the contract had already been cancelled and could not be revived. We agree.

Contrary to the plaintiff's contention, the defendant was entitled to consider the plaintiff's defective notice of cancellation an anticipatory repudiation of the contract (*see AG Props. of Kingston, LLC v Besicorp-Empire Dev. Co., LLC,* 14 AD3d 971 [2005]; *Spitz v Lesser,* 277 App Div 415 [1950], *mod on other grounds* 302 NY 490 [1951]). Thus, the defendant could elect either to treat the repudiation as a breach and rescind the contract, or to await the expiration of the time for the plaintiff's performance and bring an action thereafter (*see* 23 Lord, Wil-

liston on Contracts, § 63:33 at 559 [4th ed]; *see also AG Props. of Kingston, LLC v Besicorp-Empire Dev. Co., LLC, supra*).

Here, the defendant promptly elected to rescind the contract, as was its right (*see Eight Hundred Corp. v 217 State St. Realty Corp.*, 169 AD2d 810 [1991]), and that election became effective upon notification to the plaintiff, i.e., on December 14, 2004 (*cf. Morton's of Chicago/Great Neck v Crab House*, 297 AD2d 335, 337 [2002]). Thus, the contract had already been rescinded before the plaintiff attempted to revive it, on December 15, 2004, by faxing a copy of the newly-received loan commitment letter to the defendant. Accordingly, the plaintiff was not entitled to judgment as a matter of law and his motion should have been denied. Moreover, as there are no triable issues of fact, it is appropriate to search the record and award summary judgment in favor of the defendant, dismissing the complaint (*see* CPLR 3212 [b]). Goldstein, J.P., Luciano, Rivera and Fisher, JJ., concur.