South Shore Ambulatory Surgery Ctr., LLC v Lynbrook Anesthesia Servs., P.C. (2018 NY Slip Op 06957)





South Shore Ambulatory Surgery Ctr., LLC v Lynbrook Anesthesia Servs., P.C.


2018 NY Slip Op 06957


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-04164
 (Index No. 605365/15)

[*1]South Shore Ambulatory Surgery Center, LLC, respondent, 
v
Lynbrook Anesthesia Services, P.C., appellant.


Padilla & Associates, PLLC, New York, NY (Jeffrey W. Padilla of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Matthew F. Didora and Alex Leibson of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered March 22, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint and for summary judgment on its counterclaim alleging breach of contract.
ORDERED that the order is affirmed, with costs.
The plaintiff, South Shore Ambulatory Surgery Center, LLC (hereinafter South Shore), and the defendant, Lynbrook Anesthesia Services, P.C. (hereinafter Lynbrook), entered into an Anesthesia Services Agreement (hereinafter the agreement) on April 12, 2004, pursuant to which Lynbrook agreed to provide two anesthesiologists to South Shore each day that South Shore provided surgical services to its patients. The agreement was amended several times. As of the last amendment, executed on April 12, 2011, Lynbrook was to provide, in its sole discretion, sufficient anesthesiologists as were required to cover South Shore's needs, and South Shore agreed that in the event there were fewer than 350 billable cases for the month of April 2011, South Shore would pay Lynbrook $350 "for each case less than three hundred fifty."
Prior to the end of April 2011, Lynbrook requested a further guarantee of a minimum number of anesthesia cases or a compensatory subsidy to cover low volume. South Shore denied the request. Lynbrook responded to the denial with an email from its Vice President, Robert Goldstein, dated April 21, 2011, wherein he stated "I will look to get you our termination notice so there is no misunderstanding for May. Without an extension of the amendment we won't be able to continue." One week later, on April 28, 2011, in-house counsel for South Shore, and an administrator at South Shore, each sent Goldstein an email confirming that beginning May 1, 2011, Lynbrook would continue to provide anesthesia services to South Shore pursuant to the terms of the agreement, with "no subsidy"; the email from the administrator concluded by asking Goldstein if this was "correct?" Goldstein did not reply to either email. Subsequently, South Shore sent Lynbrook a letter entitled Notice of Termination of Anesthesia Services Agreement, dated May 13, 2011, and effective May 20, 2011, which was followed by a letter entitled Confirmation of Termination of [*2]Anesthesia Services Agreement, dated May 20, 2011, and also effective May 20, 2011. Pursuant to the May 20, 2011, letter, South Shore advised Lynbrook that because of, inter alia, Goldstein's email, Lynbrook had put South Shore in a "position of uncertainty." Therefore, South Shore had secured another anesthesia provider and Lynbrook was not to provide any services to South Shore after May 20, 2011.
On August 19, 2015, South Shore commenced this action to recover damages for breach of contract against Lynbrook. The sole cause of action asserted in the complaint alleges, inter alia, that Lynbrook repudiated the agreement. Lynbrook served an answer and, among other things, a counterclaim to recover damages for breach of contract. Thereafter, Lynbrook moved for summary judgment dismissing the complaint and for summary judgment on its counterclaim to recover damages for breach of contract. The Supreme Court denied Lynbrook's motion. Lynbrook appeals.
Contrary to Lynbrook's contention, in response to its prima facie showing of its entitlement to judgment as a matter of law dismissing the cause of action alleging breach of contract, and on its counterclaim to recover damages for breach of contract, South Shore demonstrated that Lynbrook anticipatorily repudiated the agreement via Goldstein's email of April 21, 2011, which expressed an unequivocal, definite intention not to perform its obligations under the agreement without further guarantee of a minimum number of anesthesia cases or a compensatory subsidy to cover low volume (see Tenavision, Inc. v Neuman, 45 NY2d 145, 150; Children of Am. [Cortlandt Manor], LLC v Pike Plaza Assoc., LLC, 113 AD3d 583, 584). However, triable issues of fact remain as to whether Lynbrook retracted its repudiation, and if so, if it retracted prior to South Shore having materially changed its position in reliance thereon (see Bykowsky v Eskenazi, 2 AD3d 115, 115; Silverman Perlstein & Acampora v Reckson Operating Partnership, 303 AD2d 576, 577), as well as whether South Shore waived the right to treat the agreement as terminated by failing to timely elect to rescind the agreement upon Lynbrook's repudiation, and instead subsequently accepting Lynbrook's continued performance (see Velazquez v Equity LLC, 28 AD3d 473, 474).
Accordingly, we agree with the Supreme Court's determination denying Lynbrook's motion for summary judgment dismissing the complaint and for summary judgment on its counterclaim alleging breach of contract.
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court