Contract Pharmacal Corp. v Air Indus. Group (2024 NY Slip Op 00995)

Contract Pharmacal Corp. v Air Indus. Group

2024 NY Slip Op 00995

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-01049
2022-01050
 (Index No. 619183/18)

[*1]Contract Pharmacal Corp., appellant, 
v
Air Industries Group, respondent.

Weber Law Group LLP, Melville, NY (Jason A. Stern of counsel), for appellant.
John R. Byrnes, Sayville, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Elizabeth Hazlitt Emerson, J.), dated July 8, 2021, and (2) an order of the same court dated November 30, 2021. The order dated July 8, 2021, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to amend the complaint to add a cause of action alleging anticipatory breach of contract and for summary judgment on the amended complaint. The order dated November 30, 2021, insofar as appealed from, upon reargument, adhered to the determination in the order dated July 8, 2021, denying that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action alleging anticipatory breach of contract.
ORDERED that the appeal from so much of the order dated July 8, 2021, as denied that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action alleging anticipatory breach of contract is dismissed, as that portion of the order was superseded by the order dated November 30, 2021, made upon reargument; and it is further,
ORDERED that the order dated July 8, 2021, is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated November 30, 2021, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract. The plaintiff moved, among other things, for leave to amend the complaint to add a cause of action alleging anticipatory breach of contract and for summary judgment on the amended complaint. In an order dated July 8, 2021, the Supreme Court, inter alia, denied those branches of the plaintiff's motion. The plaintiff thereafter moved for leave to reargue that branch of its motion which was for leave to amend the complaint to add a cause of action alleging anticipatory breach of contract. In an order dated November 30, 2021, the court, upon reargument, adhered to the prior determination denying that branch of the plaintiff's motion which was for leave to amend the [*2]complaint to add a cause of action alleging anticipatory breach of contact. The plaintiff appeals.
"Although leave to amend a pleading should be freely given in the absence of prejudice or surprise to the opposing party (see CPLR 3025[b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (Jacob Post, Inc. v Samuel Hampton, LLC, 216 AD3d 625, 626; see Bank of Am., N.A. v Anderson, 216 AD3d 890, 891-892). When one party to a contract commits an anticipatory breach, the nonbreaching party must choose one of two options: either treat the contract as terminated and seek damages, or ignore the breach and wait for the breaching party to perform (see Princes Point LLC v Muss Dev. L.L.C., 30 NY3d 127, 133; S.E.M. Sec. Sys., Inc. v Earl Lorence Enters., 120 AD3d 1211, 1214). The nonbreaching party must "make an election and cannot 'at the same time treat the contract as broken and subsisting. One course of action excludes the other'" (Inter-Power of N.Y. v Niagara Mohawk Power Corp., 259 AD2d 932, 934, quoting Strasbourger v Leerburger, 233 NY 55, 59). "In determining which election the nonbreaching party has made, 'the operative factor . . . is whether the non-breaching party has taken an action (or failed to take an action) that indicated to the breaching party that [it] had made an election'" (AG Props. of Kingston, LLC v Besicorp-Empire Dev. Co., LLC, 14 AD3d 971, 973, quoting Bigda v Fischbach Corp., 898 F Supp 1004, 1013 [SD NY], affd 101 F3d 108 [2d Cir]). Once the nonbreaching party has chosen a remedy, the choice becomes binding and cannot be altered (see Lucente v International Bus. Machs. Corp., 310 F3d 243, 258-259 [2d Cir]). Accordingly, asserting a cause of action alleging breach of contract precludes pleading a cause of action alleging anticipatory breach of contract (see id. at 258-260).
Here, the plaintiff, in the complaint, asserted a cause of action to recover damages for breach of contract. In doing so, the plaintiff elected its remedy and communicated that choice to the defendant. Inasmuch as simultaneous prosecution of causes of action alleging breach of contract and alleging anticipatory breach of contract is barred, the proposed amendment to add a cause of action alleging anticipatory breach of contract was patently devoid of merit. Accordingly, upon reargument, the Supreme Court properly adhered to the prior determination denying that branch of the plaintiff's motion which was for leave to amend the complaint to add such a cause of action.
The plaintiff moved for summary judgment on the proposed amended complaint at the same time that it sought leave to amend. As the amended complaint had not yet been served, issue had not been joined. Consequently, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the amended complaint (see CPLR 3212[a]; City of Rochester v Chiarella, 65 NY2d 92, 101; OneWest Bank, FSB v Bernstein, 196 AD3d 591, 591).
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court